IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER, #M-33269, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00271-NJR |
| | ) |
| ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, WEXFORD HEALTH SOURCES, INC., STEVE MEEKS, and STEPHEN RITZ, | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND STEPHEN RITZ, M.D.'S MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS[1]**

COME NOW Defendants Wexford Health Sources, Inc. and Stephen Ritz, M.D., by and through their undersigned counsel, Sandberg Phoenix & von Gontard P.C., and for their Motion to Exclude Plaintiff's Expert Witness, hereby state as follows:

**BACKGROUND**

1. On March 10, 2021, Plaintiff filed his original Complaint, by and through retained counsel, alleging that "[t]his action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution." [Doc. 1, p. 3, ¶ 8].

2. To that end, Plaintiff's Complaint contains the following legal claims:

**COUNT I Eighth Amendment - 42 U.S.C. § 1983 (Wexford, Meeks, Ritz, Jeffreys)**
**COUNT II Americans with Disabilities Act (IDOC and Wexford)**
**COUNT III Rehabilitation Act (IDOC)**

---

[1] Defendants note this Motion is made on procedural grounds and is not submitted under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). Defendants expressly reserve the right to file a Motion to Exclude Plaintiff's expert under *Daubert* in the event this Motion is denied.

*See* [Doc. 1, pp. 10-16].

3. On October 8, 2021, the Court entered its Scheduling and Discovery Order setting the discovery deadline as August 22, 2022, and the dispositive motion deadline as September 21, 2022. [Doc. 51].

4. Notably, this Scheduling Order did not include deadlines to complete expert discovery.

5. The Court gave the parties more than 10 months to complete discovery in this case.

6. Prior to Plaintiff's request to extend the discovery deadline, Plaintiff had not served requests for admission, interrogatories, requested depositions, or disclosed an expert. *See* [Doc. 70].

7. On August 22, 2022, Plaintiff filed a Motion for Extension of the Fact Discovery Deadline which was opposed by all Defendants. [Docs. 69-71].

8. Plaintiff's Motion for Extension of *Fact Discovery Deadline* did not include a request to conduct expert discovery. *See* [Doc. 69].

9. Plaintiff's Supplement to his Motion for Extension of Fact Discovery Deadline did not include a request to conduct expert discovery. *See* [Doc. 72].

10. On August 26, 2022, while noting Plaintiff's lack of due diligence, the Court permitted Plaintiff "a short extension . . . for Plaintiff's counsel to receive updated medical records, schedule depositions of Defendants, and produce Plaintiff for deposition." [Doc. 74].

11. Plaintiff attempted to push the limitations of this Court's Order by requesting the depositions of 10 fact witnesses. [Doc. 75]; *see also*, [Doc. 76-1, p. 3].

12. In response, and after communication with Plaintiff, the Wexford Defendants filed a Motion for Clarification on August 31, 2022. [Doc. 75].

13. Then, on September 2, 2022, Plaintiff's counsel attempted to disclose Dr. David Shapiro as an expert pursuant to Rule 26(a)(2)(B). *See* Correspondence dated September 2, 2022, attached hereto as Exhibit A.

14. This correspondence did not include "(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; or (vi) a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B).

15. On September 7, 2022, Plaintiff disclosed to defense counsel Dr. Shapiro's CV, a prior case in which he served as an expert, and his compensation rate. *See* Correspondence dated September 7, 2022, attached hereto as Exhibit B.

16. Undersigned counsel responded to this correspondence on September 7, 2022, noting Defendants' objections to Plaintiff's late disclosure of an expert as it was a violation of the Court's recent Scheduling Order.

17. On September 14, 2022, Plaintiff filed a Motion for Leave to File Amended Complaint to include a state-law medical negligence claim against Wexford under the theory of *respondeat superior*. [Doc. 80]; *see also*, Defendants' Response in Opposition filed on September 28, 2022. [Doc. 83].

18. On September 15, 2022, the Court issued its Order regarding the parties' Motions to Clarify. The Court stated that, "The Court's Order clearly contemplated the depositions of

Defendants only because Hunter's motion only referenced depositions of Defendants." [Doc. 81, pp. 2-3].

19. In light of the Court's Order, and immediately after Plaintiff's deposition on September 16, 2022, the parties had a formal meet and confer regarding Defendants' objections to Plaintiff's late disclosure of his expert.

20. The parties were unable to resolve this matter without Court intervention.

21. Discovery is set to close on October 24, 2022. [Doc. 74].

## ARGUMENT

Plaintiff's expert report should be excluded, and Dr. Shapiro should be barred from providing expert testimony as it is untimely and outside the scope of the Court's August 26, 2022, and September 15, 2022, Orders, and will result in undue prejudice to Defendants. Pursuant to Rule 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In other words, this sanction is "automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless." Keach v. U.S. Tr. Co., 419 F.3d 626, 639 (7th Cir. 2005). Here, Plaintiff demonstrated this error is justified as Plaintiff had this exact report since February 2022, but never disclosed Dr. Shapiro as a witness, nor harmless as it would require further extension of an already limited discovery deadline therefore unnecessarily costing Defendants additional time and costs.

### A. Plaintiff's Expert Disclosure is Unjustifiably Untimely and Should be Excluded.

Plaintiff did not disclose Dr. David Shapiro as a, expert witness whom he intended use to trial to present evidence at trial prior to September 2022. *See* Fed. R. Civ. P. 26(a)(2)(A) ("In

addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.").

Defendants originally opposed Plaintiff's request to extend discovery due to Plaintiff's lack of due diligence in virtually no discovery in 10 months. Plaintiff's emails and pleadings requesting an extension explicitly and exclusively request to complete any outstanding document production and the depositions of Plaintiff and Defendants. *See* [Docs. 69, 72, 81]. This Court did not enter a specific expert scheduling order as it was never requested, nor was an expert disclosed prior to September 2022. Further, the Court's Scheduling and Discovery Order set the deadline to file *Daubert* motions as September 21, 2022, the original dispositive motion deadline. [Doc. 51]. Plaintiff's counsel never mentioned expert discovery in the past 10 months, in their Motion for Extension, Motion to Supplement, or Cross-Motion to Clarify. Therefore, the Court's Order granting in part Plaintiff's Motion for Extension of Time extended the dispositive motion deadline to November 28, 2022. Significantly, the Court did not extend the deadline to file *Daubert* motions since expert discovery was a non-issue.

Further, the fact that Plaintiff is now attempting to disclose the exact report used in the Motion for Pre-liminary Injunction makes Plaintiff's over six-month delay even more egregious and without any just cause. Notably, Plaintiff's Motion to Supplement claimed it was necessary to wait until the end of Plaintiff's treatment to obtain medical records and complete discovery. *See* [Doc. 72]. Yet, his newly disclosed expert's opinions and report are six months old and, as Plaintiff stated, he has received additional medical care and treatment since that time. Thus, either Plaintiff did not require the updated medical records to complete discovery as represented in prior pleadings, or Plaintiff's expert's opinions are based on outdated information.

In summary, there is no reasonable or justifiable basis for Plaintiff to disclose Dr. Shapiro as an expert at this point in the case. Plaintiff had the exact information necessary to disclose his expert since February 2022, but simply did not do so for more than six months and only after the Court's discovery extension. It is further evident from the prior pleadings that neither Plaintiff's emails nor pleadings regarding requesting an extension discussed expert discovery. Thus, whether this delay was intentional or resulted from a lack of due diligence, it is unjustifiable and prejudicial.

### B. Plaintiff's Belated Amendment Would Unduly Prejudice the Wexford Defendants.

Allowing Plaintiff to disclose an expert at this point in the case and given the procedural posture would substantially prejudice Defendants. The reason Defendants' opposed Plaintiff's request to extend discovery in the first place was due to Plaintiff's lack of due diligence in prosecuting the merits of this case. This lack of due diligence was, in fact, recognized by this Court. [Doc. 74]. Nonetheless, the Court permitted a limited extension for the express purposes of obtaining updated medical records, deposing Plaintiff, and deposing Defendants. *Id*. *see also*, [Doc. 81]. Yet, Plaintiff continues to exploit this limited extension to conduct further discovery which was not originally requested and would necessitate additional *months* of discovery.

Plaintiff verbally claimed that the disclosure was nonprejudicial because the report was provided as an exhibit in support of Plaintiff's Motion for Preliminary Injunction. This does not save Plaintiff's failure to disclose. At no point during the original discovery period, including in the Motion for Preliminary Injunction itself, did Plaintiff claim that Dr. Shapiro was his Rule 26(a)(2)(B) witness. Thus, the report as an exhibit is akin to the Affidavit of Merit requirement under Illinois law. *See* 735 ILCS 5/2-622(a)(1). Just as an Affidavit of Merit in support of a Complaint does not serve as an expert report for the purposes of a trial, neither does Dr.

Shapiro's report. Dr. Shapiro's expert report merely served as evidence to support Plaintiff's Motion for Preliminary Injunction. In other words, Defendants had absolutely no notice that Plaintiff intended on conducting expert discovery prior to September 2, 2022.[2]

It becomes more apparent as this case progresses, for what should be a limited discovery extension, that Plaintiff has continuously disregarded the Court's Order and attempted to litigate an entire case in sixty days: (1) Plaintiff attempted to seek the depositions of an additional five fact witnesses (2) Plaintiff disclosed an expert in a piecemeal fashion with approximately 45 days before the discovery deadline; and (2) Plaintiff filed a Motion for Leave to Amend the Complaint seeking to add a new cause of action. At every turn, Plaintiff attempts to extent this Court's Order beyond its scope and thereby necessitate extending the deadlines.

Based on Plaintiff's recent disclosure of an expert and Motion for Leave to File Amended Complaint, it is evident Plaintiff's proposal of "an extension of 60 days for all parties will allow all parties to gain needed information about the allegations and defenses in this case" was always unworkable. [Doc. 72, p. 7, ¶ 21]. If Plaintiff planned on disclosing an expert, 60 days does not leave sufficient time for Defendants to depose their expert, obtain their own expert, and for Plaintiff to depose Defendants' expert, if requested. This is not even addressing the fact that Plaintiff's request to add state-law negligence claims would *require* expert discovery.

In conclusion, Defendants, through no fault of their own, would suffer significant prejudice if Plaintiff was allowed to disclose an expert this late in the case. It would require an entirely new scheduling order to address expert discovery deadlines thereby increasing litigation time and costs for a matter which Defendants expected to be nearing its resolution. Thus, Plaintiff's expert report should be stricken, and Dr. Shapiro should be excluded from testifying at trial.

---

[2] Plaintiff did not even meet the minimum disclosure requirement until September 7, 2022.

WHEREFORE, Defendants Wexford Health Sources, Inc. and Stephen Ritz, M.D., pray that this Honorable Court grant their Motion to Exclude Plaintiff's Expert Witness, and for all other relief that may be deemed just and proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/ Abbey Fritz
Dennis S. Harms, #6291610
Abbey Fritz, #6317010
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
afritz@sandbergphoenix.com

*Attorneys for Defendants Wexford Health Sources, Inc. and Stephen Ritz, M.D.*

### Certificate of Service

I hereby certify that on the 11th day of October, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen H. Weil
Lindsay Hagy
Loevy & Loevy
weil@loevy.com
lindsay@loevy.com
*Attorneys for Plaintiff*

Tara M. Barnett
Office of the Attorney General – Belleville
Tara.barnett@ilag.gov
*Attorney for Defendants Illinois Department of Corrections and Steven Meeks*

/s/ Abbey Fritz