IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Antonio Hunter, | |
| Plaintiff, | |
| v. | Case No. 21-cv-271-NJR |
| Illinois Department of Corrections *et al.*, | JURY TRIAL DEMANDED |
| Defendants. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO EXCLUDE PLAINTIFF'S EXPERT WITNESS**

Plaintiff, through his undersigned counsel, respectfully files a response in opposition to the Wexford's motion to exclude his expert witness, Dkt. 85, which was jointed in part by the IDOC Defendants. Dkt. 86. In support of his motion, Plaintiff states:

Plaintiff's disclosure of an expert less two weeks after the end of the original fact discovery period, more than seven weeks before the end of extended discovery period, and well before when all Defendants can be deposed, is both justified and harmless, resulting in no prejudice to the Defendants and curable by allowing the Defendants time to depose Plaintiff's expert and time to disclose their own expert. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (when deciding whether late disclosure of an expert is justified or harmless courts consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date."). In considering whether a scheduling order should be changed to allow for the disclosure of experts, courts within the Southern District of Illinois have also weighed the "importance of the testimony" the party seeks to have excused as untimely. *See e.g., Hantak v. Vill. of Pontoon*

*Beach, Ill.*, 2010 WL 3526457, at *2 (S.D. Ill. Sept. 3, 2010) ("the appropriate standard to determine whether good cause has been demonstrated is a test that balances the concerns of the late party (its circumstances surrounding its failure to disclose timely and the importance of the testimony it seeks to have excused as timely) versus the concerns of the opposing party (prejudice due to the late disclosure and the ability for that prejudice to be cured)." Here, the testimony of Dr David Shapiro is critical to Plaintiff's case and exclusion of his testimony would be a drastic sanction given that the late disclosure was not made in bad faith and can be cured.

First, the Wexford Defendants' only argument that they are prejudiced by the disclosure of the expert is that it would add months to the discovery deadline and the time period during which Wexford expected the case to resolve. Dkt. 85 at 7.[1] However, at this point, discovery needs to be extended because of the medical unavailability of Wexford Defendant Dr. Ritz. The Defendants also waited three weeks, in the case of Wexford, and four weeks, in the case of IDOC to provide Plaintiff with their objections to his Rule 30(b)(6) Notices. Therefore, discovery should be extended for the depositions of Defendants through no fault of Plaintiff. *Cf. G &S Metal Consultants, Inc. v. Continental Cas. Co.,* 2013 WL 6047574, at *5 (N.D. Ind. Nov. 15, 2013) (when discovery was open on several issues, late disclosure was harmless).

Any prejudice to Defendants is harmless because 1) the scheduling deadlines can be extended so that they can take Dr. Shapiro's deposition and disclosure their own expert; and 2) they were made aware of Dr. Shapiro's opinion on February 25, 2022. *Lewis v. Menard, Inc.,* 2020 WL 9349546, at *5 (S.D. Ind. Dec. 29, 2020) ("many Courts in this Circuit have held that

---

[1] The IDOC Defendants do not appear to join in this portion of Wexford's motion and do not argue that they are prejudiced by the disclosure of an expert. Dkt. 86 at 1.

untimely disclosures may be harmless where the opposing party had an opportunity to depose the expert or was otherwise aware of the expert's opinion."); *Banister v. Burton*, 636 F.3d 828, 833 (7th Cir. 2011) (failure to file an expert report was harmless when the other party was not surprised by the expert's testimony because he had heard it before); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000) ("The expert witness discovery rules are designed to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case;" disclosure of the names and reports of experts well before the discovery deadline, "prevent[ed] the chance that unfair surprise would hamper the defendants' preparation of the case" especially when the trial "still appeared a long way off" and defendants had time to prepare examinations of the experts).

Second, disclosure of an expert is important to Plaintiff's case. Plaintiff was in Defendants' care for over four years without being able to access an outside medical provider to evaluate his rectal prolapse. An expert witness is important to Plaintiff's claims that what he experienced was a rectal prolapse, that the condition caused him pain and limitations, and that Defendants were deliberately indifferent in failing to provide him a surgical evaluation of his condition. The importance of this testimony weighs towards allowing Plaintiff to disclose Dr. Shapiro. *See Hantak,* 2010 WL 3526457, at *2.

Indeed, courts have explained that when an expert's opinion is a party's primary evidence on an issue in the case, exclusion of the expert as a sanction, "must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction." *Spearman Indus. Inc. v. St. Paul Fire and Marine Ins.*, 138 F. Supp. 2d 1088, 1094 (N.D. Ill. 2001) (quoting *Sherrod*, 223 F.3d at 612 ("Reflecting this principle, Rule 37 precludes the trial

judge from imposing the exclusion sanction unless it finds the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party.")) Here, during depositions, Defendants have questioned whether Plaintiff has a rectal prolapse at all. Dr. Shapiro's opinion is primary evidence both for what a rectal prolapse is (*e.g.,* that a rectal prolapse occurs when a person's rectum pops out of his anus and not only if the rectum is always outside of the anus), Dkt 52-1 at 2) and for Plaintiff's deliberate indifference claim. The "drastic sanction" of excluding Dr. Shapiro as an expert is not justified here where the late disclosure can be made harmless by allowing expert discovery to continue at least while the Rule 30(b)(6) depositions and Defendant Ritz's deposition are outstanding. *Sherrod*, 223 F.3d at 613.

Third, the late disclosure can be cured here by extending the time for Wexford and IDOC to disclose Plaintiff's expert either along with the proposed deadlines for the depositions of the Defendants (see Dkt. 87) or after those depositions in which case the dispositive motion deadline then also extended. *See Hantak,* 2010 WL 3526457 (prejudice to opposing party could be disclosed by extending the deadlines in the case to depose the expert and contest her competency as an expert when there was time before trial for these tasks).

Finally, Plaintiff did not disclose Dr. Shapiro outside of the original discovery period out of bad faith or willfulness. Prior to Plaintiff's release from prison on July 8, 2022, Plaintiff's counsel was focused on obtaining Plaintiff medical care for his rectal prolapse through a preliminary injunction and on obtaining Plaintiff's medical records. As previously explained, Plaintiff's counsel was diagnosed with Covid on July 25, 2022 (Dkt. 72-5) which complicated counsel's schedule in light of an upcoming trial, one of her children's bat mitzvahs, and a long-planned international vacation. Plaintiff's counsel incorrectly anticipated that Defendants would

agree to an extension of the ten-month discovery period which had not been extended previously. Plaintiff's counsel understands and takes seriously that there are consequences for not meeting deadlines and regrets the consequences that have been imposed upon her client in this case. Plaintiff has limited his expert disclosure to the expert report provided to Defendants eight months ago (Dkt. 52-1) so that Defendants would not be prejudiced or surprised by the disclosure.

Plaintiff would obviously also welcome the opportunity to supplement the expert report with the medical records that Defendants did not provide to Plaintiff prior to August 22, 2022. *See* Dkt. 74 ("Defendants were under an obligation to supplement the medical records pursuant to the Court's scheduling orders which they acknowledge they failed to do"). The late disclosure of underlying records needed for an expert opinion can substantially justify the delayed disclosure of an expert. *Washington v. City of Springfield*, 2009 WL 927498, at *2 (C.D. Ill. Apr. 1, 2009) (late disclosure was substantially justified when one party's expert could not formulate his opinion without the information requested from the other party). Plaintiff did not have his full medical records from Defendants until after the original August 22, 2022 discovery deadline. An updated expert opinion made in consideration of those records would also be justified here.

Overall, the harm to Plaintiff of excluding Dr. Shapiro's expert report outweighs the prejudice to Defendants in allowing Plaintiff to disclose this report outside of the August 22, 2022 discovery deadline especially when Defendants' depositions still need to be taken.

**WHEREFORE**, Plaintiff respectfully requests that this Court deny the Wexford Defendants' motion to exclude his expert and allow Plaintiff to disclose his expert, Dr. Shapiro, while also allowing Defendants time to depose this expert and to obtain their own experts.

RESPECTFULLY SUBMITTED,

/s/ Lindsay Hagy
*One of Plaintiff's Attorneys*

Arthur Loevy
Stephen Weil
Lindsay Hagy, #6299944
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
lindsay@loevy.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I, Lindsay Hagy, an attorney, certify that on October 10, 2022, I caused the foregoing Response in Opposition to Defendants' Motion to Exclude Plaintiff's Expert to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

                                                    /s/ Lindsay Hagy
                                                    *One of Plaintiff's Attorneys*