**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

ANTONIO HUNTER,

                Plaintiff,

v.

ILLINOIS DEPARTMENT OF
CORRECTIONS *ET AL.*,

                Defendants.

Case No.  21-cv-271-NJR

JURY TRIAL DEMANDED

**PLAINTIFF'S MOTION FOR LEAVE TO SERVE
NON-RETAINED EXPERT DISCLOSURES OUT OF TIME**

       Plaintiff Antonio Hunter moves for leave to serve Rule 26(A)(2)(C) non-retained expert disclosures out of time, stating as follows:

**INTRODUCTION**

       Plaintiff respectfully moves to disclose three witnesses, all of whom have been disclosed as either Rule 26(a)(1) or Rule 30(b)(6) witnesses by the Defendants, as non-retained medical experts under Rule 26(a)(2)(C). Ex. 1. These witnesses arguably will not give expert testimony because they will not be giving opinion testimony. *Cf. Taylor v. Union Pac. R. Co.,* No. CIV. 09-123-GPM, 2010 WL 5463132, at *2 (S.D. Ill. Dec. 29, 2010) ("Typically, courts do not require a treating physician to provide an expert report where the physician's testimony about causation, prognosis, and the extent of disability is based on his or her treatment of a party."); *Gary v. Alexander,* No. 08-3241, 2009 WL 1162387, at *1 (C.D. Ill. Apr. 24, 2009) (treating physicians needed to be disclosed as experts if they will provide testimony on "causation, diagnosis, and prognosis.").

       However, as outlined in the Rule 26(a)(2)(C) disclosures (Ex. 1), these witnesses will provide testimony that relies on their medical expertise such as what a rectal prolapse is, the

symptoms and risks associated with a rectal prolapse in general, and Plaintiff's treatment in IDOC based on his medical records. *See* Ex. 1.

Plaintiff should be allowed to disclose these Defendants as expert witnesses under Rule 26(a)(2)(C) because the late disclosure is harmless as the Defendants had notice of this testimony at their depositions and can prepare further for this testimony as all the witnesses are Defendants or employees of the Defendants. *See Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (when deciding whether late disclosure of an expert is justified or harmless courts consider "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.").

## PROCEDURAL BACKGROUND

The Complaint in this case was filed on March 10, 2021. Dkt. 1. In their 26(a)(1) disclosures, both the Wexford and IDOC Defendants identified, "Any and all medical providers identified in Plaintiff's medical records" (Ex. 2) and the individuals "named within the documents produced [in Wexford's initial disclosures] and Plaintiff's medical records" as possible witnesses (Ex. 3). Plaintiff's medical care by Wexford and IDOC for the rectal prolapse at issue in his complaint extended until about July 8, 2022.

The original discovery deadline was August 22, 2022, but the Defendants were still proving medical records until September 8, 2022 and the parties were taking party depositions until March 3, 2023. On September 2, 2022, Plaintiff disclosed Dr. Shapiro as an expert in this case and explained that Defendants had his report since February, 2022. Dkt. No. 85-1. On October 11, 2022, the Wexford Defendants moved to bar Plaintiff's expert Dr. Shapiro as an expert because it was untimely and prejudicial. Dkt. No. 85. The IDOC Defendants joined this motion in part arguing that the expert report should be barred because it was untimely. Dkt. No.

86. Plaintiff filed a response in opposition to the motions to bar on October 26, 2023. Dkt. No.
88. In their September 8, 2022, second supplemental initial disclosures, the IDOC defendants
stated that Dr. Steve Meeks "will be able to testify regarding his knowledge of the allegations
contained in Plaintiff's Complaint and the relevant policies and procedures within the Illinois
Department of Corrections." Ex. 4 at 2.

The Plaintiff deposed Dr. Steven Meeks on September 28, 2022, Christine Brown, a
registered nurse, as IDOC's Rule 30(b)(6) designee on January 5, 2023, and Dr. Glen Babich as
Wexford's Rule 30(b)(6) designee on January 9, 2023. Neither party disclosed any non-retained
treating physicians as experts under Rule 26(a)(2)(C).

## ARGUMENT

"[A]ll witnesses who are to give expert testimony under the Federal Rules of Evidence
must be disclosed under Rule 26(a)(2)(A)," a disclosure which "should be in writing, signed by
counsel, and served to opposing counsel." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 756
(7th Cir. 2004). Under Federal Rule of Civil Procedure 26(a)(2)(C) the disclosure for a non-
retained expert "must state: (i) the subject matter on which the witness is expected to present
evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and
opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(D) provides that
parties must make their expert disclosures "at the times and in the sequence that the court
orders."

Under Rule 37(c)(1), witnesses who are not timely disclosed under Rule 26(a) can still
testify at trial if their later disclosure is either substantially justified or harmless. *Ciomber*, 527
F.3d at 641 (the sanction to exclude non-disclosed witnesses "is 'automatic and mandatory'
unless the offending party can establish 'that its violation of Rule 26(a)(2) was either justified or
harmless.'"). Four factors are considered in this inquiry: "(1) the prejudice or surprise to the

3

party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

Here the failure to disclose Defendants as experts is harmless. Plaintiff is only disclosing a small portion of their testimony – testimony on the condition of rectal prolapse and its symptoms and risks – as expert testimony. Defendants are aware of their own deposition testimony and can continue to prepare this testimony for trial. *Greybill v. Zimmer, Inc.,* No. 10 C 4546, 2013 WL 593460, at *5 (N.D. Ill. Feb. 14, 2013) (denying summary judgment to defendants and explaining that defendants were not prejudiced by the plaintiff's failure to disclose treating physicians as experts because the defendants were able to prepare for the physicians depositions when they had the plaintiff's complete medical records and credentials and participated in the depositions). *Owens v. Powell,* No. 06 C 3276, 2009 WL 347001, at *6 (N.D. Ill. Feb. 5, 2009) (treating physician's testimony as an expert was not barred for failure to make proper Rule 26(a) disclosures when the physician was deposed and fully questioned regarding his finding of causation for the plaintiff's condition). *Montoya v. Jeffreys,* 565 F. Supp. 3d 1045, 1070 (N.D. Ill. 2021) (defendants' failure to disclose therapists as experts was harmless when the plaintiff subpoenaed them for depositions, questioned them about the topic, and knew the substance of the testimony). *Commonwealth Ins. Co. v. Titan Tire Corp.,* 398 F.3d 879, 888 (7th Cir. 2004) (trial court's finding that failure to disclose an expert was harmless was "entirely sound" when the other party had participated in the expert's deposition in underlying cases so knew what his testimony would be and knew from discovery responses that the plaintiff would rely on that witness in the current case). *Cf. Taylor v. Union Pac. R. Co.,* No. CIV. 09-123-GPM,

2010 WL 5463132, at *3 (S.D. Ill. Dec. 29, 2010) (declining to allow a plaintiff to invoke Rule 26(a)(2)(b) to exclude a portion of testimony from his own witness).

In *Hu v. Cantwell,* No. 06 C 6589, 2009 WL 1270142, at *3 (N.D. Ill. May 6, 2009), a similar question was presented. Plaintiff had disclosed an appraiser as a witness under her Rule 26(a)(1) disclosures. The defendants relied on the statements and opinions of the appraiser in the statement of facts for their summary judgment motion. *Id.* at *3. The Court found that it did not have to determine whether the Rule 26(a)(1) requirement applied because "the only opinions relied upon are those that were fully disclosed to plaintiffs when [the appraiser] was deposed. Thus, plaintiffs were well aware of [the appraisers] opinions and had the opportunity, if they had chosen to pursue it, of doing their own questioning of [the appraiser]." *Id.* Therefore any failure to disclose was harmless. *Id.* Here the witnesses' disclosed statements fall short of opinions – they are just being disclosed to testify to the medical understanding of rectal prolapse, its symptoms, and its risks – and the Defendants have the chance to explore and understand their own testimony.

Finally, although Plaintiff believes that these opinions were sufficiently disclosed during discovery such that his failure to tender a formal Rule 26(a)(2)(C) should be excused as harmless in this case, if this Court is inclined to bar the Plaintiff from disclosing Dr. Meeks, Dr. Babich, and Ms. Brown as treating physician experts, Defendants should be barred from offering expert testimony from these witnesses and the other individuals listed in the medical records as well since the Defendants also did not disclose any of these people under Rule 26(a)(2)(C). To permit such questioning while barring Plaintiff from doing the same would plainly result in a slanted presentation of the evidence and give Defendants a major benefit from Plaintiff's technical non-

compliance with Rule 26(a)(2)(C). This is especially true when Defendants have access to these witnesses and Plaintiff does not.

WHEREFORE, Plaintiff respectfully requests that this Court grant his Motion For Leave To Serve Rule 26(A)(2)(C) Non-Retained Expert Disclosures Out Of Time.


RESPECTFULLY SUBMITTED,


/s/ Lindsay Hagy
*One of Plaintiff's Attorneys*


Arthur Loevy
Stephen Weil
Lindsay Hagy, #6299944
Maria Makar
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
lindsay@loevy.com
*Attorneys for Plaintiff*

6

## <u>CERTIFICATE OF SERVICE</u>

I, Lindsay Hagy, an attorney, hereby certify that on September 5, 2023 I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Lindsay Hagy
Lindsay Hagy
One of Plaintiff's Attorneys