IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER, | |
| Plaintiff, | |
| v. | Case No. 3:21-CV-271-NJR |
| ILLINOIS DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

## MEDIATION REFERRAL ORDER
## AND APPOINTMENT OF MEDIATOR

**ROSENSTENGEL, Chief Judge:**

Upon due consideration and agreement among the parties, the Court finds this prisoner civil rights case is appropriate for referral to the Mandatory Mediation Program as provided in Section 2.1(A)(2) n.1 of the Court's Mandatory Mediation Plan ("Plan"). *See* Admin. Order No. 301 (Oct. 8, 2021).

**Therefore, IT IS HEREBY ORDERED as follows:**

The Court finds this case may benefit from a single mediation session to promote "a more efficient and less expensive alternative to continuing litigation, without impairing the quality of justice or the right to trial." *See* Section 1.2(A). Thus, the parties, counsel, and representatives are **ORDERED** to engage in a single mandatory mediation session.

A copy of the Plan is attached to this Order and can be found at http://www.ilsd.uscourts.gov/Mediation/MediationMain.aspx. Counsel, the parties, and representatives are **DIRECTED** to review the Plan in its entirety.

**IT IS FURTHER ORDERED** that Court Attorney and ADR Coordinator Megan Arvola is appointed as the Mediator in this matter. Ms. Arvola is an attorney and trained mediator. She

previously served as a term law clerk to a former district judge in this district for three years. After serving as a law clerk, she represented clients in private civil practice for over eight years before returning to the Court. As she is an employee of the Court, her appointment is without charge to the parties. Ms. Arvola serves as a neutral in this matter and is not a decision maker. Ms. Arvola is bound by the confidentiality provisions of the Plan, as are the parties, counsel, and representatives. The parties, counsel, and representatives are directed to review the confidentiality provisions of Section 3.8, and the remainder of the Plan.

Ms. Arvola will be reaching out to the parties shortly and will set the date, time, and format of the mediation by separate notice.

Counsel, the parties, and representatives may discuss the case in confidence and *ex parte* with Ms. Arvola. Both sides are encouraged to engage in communication with Ms. Arvola prior to the mediation session to discuss the case, her role, the process generally, and the importance of confidentiality in the mediation process.

In the event a settlement in principle is reached, Ms. Arvola may make a record of the material terms, but there will be no other recordings of the mediation session.

At the conclusion of the single mediation session, Ms. Arvola will file a Report of Mandatory Mediation on the docket that states the outcome of the session but does not disclose confidential communications.

The parties are **FURTHER ORDERED** to participate with Ms. Arvola in good faith. Any failure to participate in good faith or otherwise fail to conform to the provisions of the Plan or this Order are sanctionable by the Court.

**IT IS SO ORDERED.**

**DATED: October 11, 2023**

**s/ Nancy J. Rosenstengel**
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**