# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Antonio Hunter,<br><br>        Plaintiff,<br><br>v.<br><br>Illinois Department of Corrections *et al.*,<br><br>        Defendants. | Case No.  21-cv-271-NJR<br><br>JURY TRIAL DEMANDED |

## RESPONSE TO DEFENDANTS' EARLY MOTION IN LIMINE

Pursuant to Federal Rule of Civil Procedure 16, Plaintiff Antonio Hunter, through his attorneys, submits this response to the IDOC Defendants' early motion in limine (ECF 138).

Defendants' early motion in limine asks the Court to bar Plaintiff from presenting a specific computation of damages to the jury at trial. ECF 138. Defendants said they "anticipated that Plaintiff will suggest a computation of damages to the jury at trial" that Plaintiff has not disclosed. *Id.* at 2. Defendants argued that this would "prejudice Defendants by causing a surprise either shortly before or during trial." *Id.* at 3.

The authorities cited by the IDOC require that a plaintiff must disclose a computation of damages pursuant to Rule 26(a)(1)(A)(iii) in order to suggest a specific dollar amount of damages to the factfinder at trial. *See Smith v. City of Chicago*, No. 15 CV 3467, 2020 WL 13599000, at *4, 5 (N.D. Ill. Nov. 4, 2020) (holding that plaintiff must "disclose a figure" for noneconomic damages pursuant to Rule 26(a)(1) in order to "suggest[] a specific amount to a jury" at trial) (cited ECF 138 at 2); *Sandoval v. Am. Bldg. Maint. Indus., Inc.*, 267 F.R.D. 257, 282 (D. Minn. 2007) (prohibiting plaintiff from "submit[ting] a specific dollar amount for damages to the jury without defendants having the opportunity to discover the basis for the claim and the opportunity before

trial to rebut that basis") (quoted ECF 138 at 3); *De Varona v. Disc. Auto Parts, LLC*, No. 12-20714-CIV, 2012 WL 2334703, at *2 (S.D. Fla. June 19, 2012) (citing *Sandoval* to hold that a plaintiff must disclose a computation of damages pursuant to Rule 26(a)(1) in order to "ask the jury for a specific dollar amount, or a range for non-economic damages" at trial) (cited ECF 138 at 3). Plaintiff does not intend to offer any specific dollar amount (or range of dollars) for Mr. Hunter's pain and suffering at trial. Plaintiff therefore does not oppose the IDOC Defendants' motion.

For purposes of clarity, Plaintiff notes that Plaintiff counsel may suggest to the jury different ways to think about what they should award. For example, Plaintiff may ask the jury to consider the total amount of damages they would award considering all the times Mr. Hunter was forced to toilet in an unsanitary manner. Or, Plaintiff may ask the jury to consider what they would award for each day that Mr. Hunter was forced to toilet in an unsanitary matter, and to use that frame to make their damage award for the total time that Mr. Hunter was forced to undergo unsanitary toileting. Plaintiff does not understand these forms of argument, which would not include a request or suggestion for a specific dollar amount of damages (either in the aggregate or per-event), to be prohibited by any of the authorities cited by the IDOC, and Plaintiff does not understand that the IDOC is seeking to bar this form of argument through its early motion in limine.

Dated: April 26, 2024                                RESPECTFULLY SUBMITTED,

/s/ Maria Makar
*One of Plaintiff's Attorneys*

2

>Arthur Loevy
>Stephen H. Weil
>Maria Makar
>LOEVY & LOEVY
>311 N. Aberdeen, Third Floor
>Chicago, IL 60607
>(312) 243-5900
>makar@loevy.com
>*Attorneys for Plaintiff*