IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ILLINOIS DEPARTMENT OF<br>CORRECTIONS, WEXFORD HEALTH<br>SOURCES, INC., STEVE MEEKS,<br>and STEPHEN RITZ,<br><br>　　　　Defendants. | Case No. 3:21-CV-271-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

　　Pending before the Court are motions *in limine* filed by Plaintiff Antonio Hunter and Defendants Illinois Department of Corrections ("IDOC") and Steve Meeks (collectively, "IDOC Defendants") regarding the scope of injuries and damages available for Hunter's claims under the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). (Docs. 137, 138). The parties have represented that early resolution of these issues may improve the possibility of settlement and/or aid counsel in their trial preparations. (*See* Doc. 133). For the reasons provided below, Hunter's motion is denied, and the IDOC Defendants' motion is denied as moot.

I.　　**Hunter's Motion *in Limine***

　　With his motion (Doc. 137), Hunter asks the Court to determine whether the unhygienic manner in which he was forced to defecate is a cognizable injury under the ADA and RA, such that he may ask the jury to award damages to compensate him for

those injuries if they find in his favor. Hunter argues that his disability prevented him from taking advantage of the service of hygienic toileting that the IDOC provides to most inmates by offering toilets and toilet paper, and that he required an accommodation to access the benefit of hygienic defecation. He asserts that the resulting physical, mental, and emotional injuries are cognizable under the ADA and RA.

In response, the IDOC Defendants argue that Hunter's motion is a request for a preliminary, advisory opinion from the Court regarding whether he has established a violation of the ADA and/or the RA. Even if the Court finds that Hunter's motion does not seek an impermissible advisory opinion, they argue, his request invades the province of the jury. Therefore, the motion should be denied.

Without commenting on whether Hunter has *established* a violation of the ADA or RA under the circumstances of his case, the Court observes that the deliberate refusal of prison officials to accommodate an inmate's disability-related needs, including those related to hygiene, constitutes exclusion from or the denial of benefits of the prison's programs, services, or activities. *United States v. Georgia*, 546 U.S. 151, 157 (2006); *Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022) ("We have no difficulty concluding that a handicapped-accessible toilet for disabled prisoners amounts to a service, the denial of which could establish a claim under either [the ADA or RA].").

On summary judgment, the undersigned noted Hunter's testimony that he asked for hygiene items, including extra tissues and cleaning supplies, but was told he had to purchase them from commissary. (Doc. 118). The Court concluded that "[a] jury crediting Hunter's testimony could find that the IDOC violated the ADA and RA when it failed to

accommodate Hunter's rectal prolapse." (*Id.*). Now, at the trial stage, it is the jury's role to determine whether Hunter has actually established the elements of his claim and is entitled to damages. Because this is an issue for the jury to decide, Hunter's Motion *in Limine* (Doc. 137) is **DENIED.**

II.     **IDOC Defendants' Motion** *in Limine*

The IDOC Defendants anticipate that Hunter will suggest a computation of damages to the jury at trial, even though he never disclosed such an amount to Defendants during discovery. (Doc. 138). The IDOC Defendants assert that allowing Hunter to suggest a specific amount of non-economic damages to the jury, without first requiring Hunter to disclose that amount and the basis for it to Defendants, would prejudice them at trial. (*Id.*). Thus, they move *in limine* to bar Hunter from requesting a specific amount of damages at trial. (*Id.*).

In response, Hunter indicates that he does not intend to suggest or request any specific dollar amount or range for his pain and suffering at trial. (Doc. 142). Therefore, he does not oppose the IDOC Defendants' motion. (*Id.*). Hunter notes, however, that he does intend to suggest that the jury consider different ways to think about a non-economic damages award. For example, he may ask the jury to consider the total amount of damages they would award considering the number of times or the number of days he was forced to defecate in an unsanitary manner, and to use that as a frame for determining their total damage award.

The Court finds that such unit-of-time or "per diem" arguments regarding pain and suffering damages are permissible to make to the jury, particularly if a cautionary

instruction is given. *See Waldron v. Hardwick*, 406 F.2d 86, 89 (7th Cir. 1969) (holding that unit-of-time arguments are permissible if made subject to suitable cautionary instructions and other appropriate safeguards as necessary); *Crecy v. Kankakee Sch. Dist. #111*, No. 15-CV-1014, 2017 WL 6945336, at *7 (C.D. Ill. Feb. 6, 2017) ("The Seventh Circuit has allowed 'per diem' arguments in relation to damages in the past, particularly where the district court has given a cautionary instruction."); *Payne v. Schneider Nat'l Carriers, Inc.*, No. 09-559-GPM, 2011 WL 13098000, at *2 (S.D. Ill. Apr. 26, 2011) (same).

However, if Hunter plans to ask the jury to consider awarding a *specific amount* for each day or instance he was allegedly wronged, then the Court agrees with Defendants that Hunter should provide them with the basis for that figure. *Smith v. City of Chicago*, No. 15 CV 3467, 2020 WL 13599000, at *5 (N.D. Ill. Nov. 4, 2020) (finding that plaintiffs cannot decline to provide defendants with a computation for non-economic damages only to later offer such a computation at trial). But the Court does not understand this to be Hunter's intention. Defendants' Motion *in Limine* (Doc. 138) is, therefore, **DENIED as moot**.

    IT IS SO ORDERED.

    DATED: May 17, 2024

                                                          **NANCY J. ROSENSTENGEL**
                                                          **Chief U.S. District Judge**