IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER,#K51529 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-271-NJR |
| | ) |
| ILLINOIS DEPARTMENT OF | ) |
| CORRECTIONS, ROBERT JEFFREYS, | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| STEVE MEEKS and STEPHEN RITZ, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFF'S RULE 26(a)(3) DISCLOSURES**

NOW COME Defendants, THE ILLINOIS DEPARTMENT OF CORRECTIONS and STEVE MEEKS, by and through their attorney, Kwame Raoul, Attorney General of the State of Illinois, and pursuant to Fed. R. Civ. P. 26(a)(3), hereby provide their Responses and Objections to Plaintiff's pre-trial disclosures:

A. Witnesses Plaintiff expects to present at trial:

**OBJECTION: Defendants object to Plaintiff's disclosure of Walter Edwards (K82688) and Dustin Perry (R34582) as witnesses Plaintiff expects to present at trial. These individuals were not formally disclosed through Plaintiff's Court-ordered Initial Disclosures.** *See Mitchell v. Iowa Interstate RR Ltd.,* **2010 U.S. Dist. LEXIS 146267, \*4–5 (C.D. Ill. 2010) (excluding testimonies from witnesses who were listed in 26(a)(3) pretrial disclosures but not disclosed in Rule 26(a)(1) initial disclosures or 26(a)(e) supplemental disclosures). Plaintiff's counsel disclosed them as potential witnesses in a May 29, 2024, email. Plaintiff has indicated that these witnesses were Plaintiff's cellmates at various times during his current period of incarceration at Western Illinois Correctional Center. Defendants object to these witnesses due to their late disclosure, which fails to provide sufficient knowledge or information regarding who the individuals are and/or their anticipated testimony. Defendants further object due to the fact that the testimony would be irrelevant to the allegations in the instant suit and could only serve to confuse the jury. Plaintiff filed his complaint on March 10, 2021 and a Motion for Preliminary Injunction on February 25, 2022.** *See* **Docs. 1 & 51. Plaintiff's injunction motion was denied as moot on May 10, 2022 and no amended complaint was ever filed.** *See* **Doc. 66. Based on information and belief, the purported witnesses do not have knowledge about Plaintiff during the relevant time period and the present case does not have**

claims with regard to any ongoing matters. Therefore, the purported witnesses will not be able to provide testimonies that are relevant to the present matter.

**Defendants object to Plaintiff's disclosure of Dr. Venketeswara Poola as a witness Plaintiff expects to present at trial. Dr. Poola has never been disclosed as a witness in this case prior to the filing of Plaintiff's Rule 26(a)(3) disclosures. Defendants object as this late disclosed witness fails to provide sufficient knowledge or information regarding who Dr. Poola is and/or their anticipated testimony. Further, Defendants object as testimony related to Mr. Hunter's surgery in May 2024 is irrelevant to the allegations in the instant suit and could only serve to confuse the jury. Plaintiff filed his complaint on March 10, 2021 and no amended complaint was ever filed. Any medical care received by Plaintiff after the relevant time period would not be relevant to the present case.**

B. <u>Witnesses Plaintiff will call only if the need arises:</u>

No objections.

C. <u>Witnesses Plaintiff expect to present by deposition:</u>

**OBJECTION: Defendants object to Plaintiff's disclosure to the extent Plaintiff seeks to use deposition in lieu of live testimony outside the bounds of Fed. R. Civ. P. 32(a). To the extent any Plaintiff seeks to introduce any deposition(s) in lieu of live testimony within the bounds of Fed. R. Civ. P. 32(a), Defendants further object to the use of any portions of the deposition transcripts wherein Defendants or the attorneys of record stated an objection or to the extent the statements within are barred by Federal Rules of Evidence 401 - 403, and/or 802. Defendants object the use of the proposed depositions in its entirety. Defendants expressly reserve the right to serve deposition counter-designations and/or line specific objections upon further clarification as to what depositions may be offered and what specific portions of said depositions may be offered.**

D. <u>Exhibits</u>

**OBJECTIONS: Defendants direct the Court and the Parties to the below chart of Defendants' objections to Plaintiff's proposed exhibits.**

|  | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
|  | Exhibits Plaintiff expects to offer at trial | | |
| 1. | Bates [IDOC] 69-72 | NRC Problem List | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, 2021 U.S. Dist. LEXIS 48329, *2 (S.D. Ill., Mar. 15, 2021) (citing *Pearson v. Ramos*, 237 |

|  | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
|  |  |  | F.3d 881, 886 (7th Cir. 2001) ("Federal Rule of Evidence 701 makes clear that a non-expert may not present expert testimony, and the Seventh Circuit has expressed that expert medical testimony is typically called for in asserting a causal connection between particular medical conditions and events.") |
| 2. | Bates Hunter 001126 | Low Bunk Permit | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 3. | Bates [IDOC] 80-81 | January 16, 2018, Progress Notes | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 4. | Bates [IDOC] 558-63 | February 28, 2018, Lab Results | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 5. | Bates Hunter 000358 | March 27, 2018, Grievance Response | Defendants object to this proposed exhibit to the extent it is offered by Plaintiff as it contains inadmissible hearsay. Fed. R. Evid. 801-802. |
| 6. | Bates [IDOC] 87 | April 19, 2018, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. |
| 7. | Bates [IDOC] 90 | April 28, 2018, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret |

|  | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
|  |  |  | and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 8. | Bates [IDOC] 92 | May 3, 2018, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 9. | Bates [IDOC] 119 | May 3, 2018, 2018 MSSRR | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 10. | Bates [IDOC] 120 | May 3, 2018, MSSR Denial Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 11. | Bates Hunter 00387-00401 | May 4, 2018, Mental Health Evaluation | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 12. | Bates Hunter 000362 | May 8, 2018, Medical Record Transfer Authorization | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. |
| 13. | Bates [IDOC] 93 | June 28, 2018, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony |

| | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
| | | | and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 14. | Bates Hunter 000359 | April 28, 2018, Physically Challenged Handicap Permit | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 15. | Bates [IDOC] 15-16 | July 18, 2018, Grievance | Defendants object to this proposed exhibit to the extent it is offered by Plaintiff as it contains inadmissible hearsay. Fed. R. Evid. 801-802. |
| 16. | Bates Hunter 000364 | July 31, 2018, Email | Defendants object to this proposed exhibit to the extent it is offered by Plaintiff as it contains inadmissible hearsay. Fed. R. Evid. 801-802. |
| 17. | Bates [IDOC] 02-19 | 2018 Grievances and responses | Defendants object to this proposed exhibit to the extent it is offered by Plaintiff as it contains inadmissible hearsay. Fed. R. Evid. 801-802. |
| 18. | Bates [IDOC] 129 | May 29, 2019, Mental Health Status Transfer Summary | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 19. | Bates HUNTER-PNK (MR) 848-849 | November 30, 2018, Mental Health Progress Note | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 20. | Bates HUNTER- | December 3, 2018, Mental Health Progress Note | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred |

|  | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
|  | PNK (MR) 928-929 |  | from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 21. | Bates HUNTER-PNK (MR) 866-873 | February 8, 2019, Psychiatric Progress Note | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 22. | Bates [IDOC] 303-313 | May 29, 2019, Pinckneyville Community Hospital ED records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 23. | Bates [IDOC] 607-609 | May 29, 2019, Pinckneyville Community Hospital ED records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 24. | Doc. 105-30 | June 7, 2019, Attorney letter attaching 2012 medical records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to |

|  | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
|  |  |  | Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 25. | Doc. 1 | March 10, 2021, Complaint | Defendants object to this proposed exhibit to the extent it contains irrelevant documents and information. *See* Fed. R. Evid. 401. Defendants object to the use of Plaintiff's Complaint in lieu of live testimony. |
| 26. | Doc. 52 | February 25, 2022, Plaintiff Motion for Preliminary Injunction | Defendants object to this proposed exhibit to the extent it contains irrelevant documents and information. *See* Fed. R. Evid. 401. Defendants further object to this proposed exhibit as it calls for a legal conclusion. Further, the allegations in Plaintiff's Motion for Preliminary Injunction were briefed and heard before the Court and ruled upon. *See* Doc. 66. |
| 27. | Bates [IDOC] 630 | March 1, 2022, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. |
| 28. | Bates [IDOC] 687 | March 3, 2022, Wexford Notice of Claim | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 29. | Bates [IDOC] 686 | March 6, 2022, Medical Special Services Referral and Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 30. | Bates [IDOC] 674 | March 6, 2022, Medical Special Services Referral and Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |

|   | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
| 31. | Bates [IDOC] 688 | March 8, 2022, SIH Records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 32. | Bates [IDOC] 689-693 | March 24, 2022, SIH Records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 33. | Bates [IDOC] 672 | March 24, 2022, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 34. | Bates [IDOC] 674 | March 24, 2022, Med. Special Servs. Referral and Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 35. | Bates [IDOC] 673 | March 30, 2022, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 36. | Bates [IDOC] 701 | March 30, 2022, Colonoscopy Referral Form | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony |

| | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
| | | | and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 37. | Bates [IDOC] 682 | April 11, 2022, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 38. | Bates [IDOC] 684 | April 21, 2022, Progress note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 39. | Bates [IDOC] 699 | May 12, 2022, Progress note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 40. | Bates [IDOC] 701-703 | May 12, 2022, Med. Special Servs. Referral and Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 41. | Bates HUNTER-WU 001-004 | May 12, 2022, WU/BJC Medical Records | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to Plaintiff's ability to authenticate or lay the foundation for such documents. |
| 42. | Bates [IDOC] 700 | May 26, 2022, Progress Note | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony |

|     | Document Number | Description | Defendants' Objection(s) |
| --- | --- | --- | --- |
|     |     |     | and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 43. |     | Records and related images of Plaintiff's May 2024 colorectal surgery at St. John's Hospital in Springfield, IL | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants object to Plaintiff's ability to authenticate or lay the foundation for such documents. Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 44. |     | Demonstrative exhibit of cell and toilet | Defendants object to the foundation and authenticity of this document. *See* Fed. R. Evid. 901. To the extent this demonstrative exhibit is not an accurate representation of a cell and toilet in a cell that Plaintiff was housed during his time at Pinckneyville Correctional Center, Defendants further object based on relevance. *See* Fed. R. Evid. 401. |
|     | Exhibits Plaintiff Will Offer at Trial if the Need Arises |||
| 1.  | Doc. 17 | April 20, 2021, Ritz Answer | Defendants object to the use of the Answer in lieu of live testimony. |
| 2.  | Doc. 34 | June 11, 2021, IDOC Answer | Defendants object to the use of the Answer in lieu of live testimony. |
| 3.  | Doc. 42 | July 28, 2021, Meeks Answer | Defendants object to the use of the Answer in lieu of live testimony. |
| 4.  | Bates [IDOC] 721-722 | October 27, 2022, Offender Physical Exam | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See Trice v. Hess*, at *2. Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |

|    | Document Number | Description | Defendants' Objection(s) |
|----|---|---|---|
| 5. | Bates [IDOC] 887 | January 27, 2023, Single-cell permit | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 6. | Bates [IDOC] 895 | February 21, 2023, Low Bunk Permit | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 7. | Bates [IDOC] 777-778 | April 19, 2023, Culbertson Mem. Hosp. Outpatient Consult Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 8. | Bates [IDOC] 792-798 | July 7, 2023, Culbertson Mem. Hosp. Colonoscopy Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* Defendants further object to the use of any medical records or related documents from |

| | Document Number | Description | Defendants' Objection(s) |
|---|---|---|---|
| | | | Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 9. | Bates [IDOC] 811-813 | January 10, 2024, Culbertson Mem. Hosp. Consult Report | Defendants object to this proposed exhibit to the extent that Plaintiff intends to testify to the information therein. Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* Defendants further object to the use of any medical records or related documents from Plaintiff's current period of incarceration, which are irrelevant to the allegations in the instant case and could only serve to confuse the jury. |
| 10. | HUNTER, A – Wexford Doc. 006-009 | Wexford UM Log | Defendants object to this proposed exhibit to the extent it contains irrelevant documents. *See* Fed. R. Evid. 401. Further, Plaintiff should be barred from providing causation or medical testimony and has not disclosed a party qualified to interpret and provide expert medical testimony regarding the causation of any medical conditions. *See id.* |
| 11. | | Deposition of Dr. Steve Meeks | Defendants object to the use of the deposition in lieu of live testimony. |
| 12. | | Deposition of Christine Brown | Defendants object to the use of the deposition in lieu of live testimony. |
| 13. | | Deposition of Edward Potash | Defendants object to the use of the deposition in lieu of live testimony. |
| 14. | | Deposition of Dr. Stephen Ritz (individual) | Defendants object to the use of the deposition in lieu of live testimony. |
| 15. | | Deposition of Dr. Stephen Ritz (Rule 30(b)(6)) | Defendants object to the use of the deposition in lieu of live testimony. |
| 16. | | Deposition of Dr. Glen Babich | Defendants object to the use of the deposition in lieu of live testimony. |

Respectfully submitted,

THE ILLINOIS DEPARTMENT OF
CORRECTIONS and STEVE MEEKS,

     Defendants,

KWAME RAOUL, Attorney General,
State of Illinois,

     Attorney for Defendants,

Tara M. Barnett #6327008
Assistant Attorney General
201 West Pointe Dr. Suite 7
Swansea, IL 62226
Phone (618) 236-8784    BY:   s/Tara M. Barnett
Fax: (618) 236-8620                Tara M. Barnett #6327008
E-Mail: tara.barnett@ilag.gov     Assistant Attorney General
gls@ilag.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER, #K51529,<br><br>Plaintiff,<br><br>vs.<br><br>ILLINOIS DEPARTMENT OF CORRECTIONS, ROBERT JEFFREYS, WEXFORD HEALTH SOURCES, INC., STEVE MEEKS and STEPHEN RITZ,<br><br>Defendants. | Case No. 21-cv-271-NJR |

### CERTIFICATE OF SERVICE

      I hereby certify that on June 14, 2024, the foregoing document, *Defendants' Objections to Plaintiff's Rule 26(a)(3) Disclosures*, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen H. Weil            weil@loevy.com
Maria Makar               makar@loevy.com
Dennis S. Harms           dharms@sandbergphoenix.com
Julia T. Rickert             julia@lowvy.com

                                                         Respectfully Submitted,

                                 By:      Tara M. Barnett
                                                  Tara M. Barnett, #6327008
                                                  Assistant Attorney General
                                                  Metro East Office
                                                  201 West Pointe Drive, Suite 7
                                                  Belleville, IL 62226
                                                  Telephone: (618) 236-8784
                                                  Facsimile: (618) 236-8620
                                                  Email: tara.barnett@ilag.gov
                                                  gls@ilag.gov