IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *ANTONIO HUNTER, #M33269,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00271-NJR |
| | ) | |
| *ILLINOIS DEPARTMENT OF* | ) | |
| *CORRECTIONS, WEXFORD HEALTH* | ) | |
| *SOURCES, INC., STEVE MEEKS,* | ) | |
| *and STEPHEN RITZ,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS WEXFORD HEALTH SOURCES, INC.'S AND DR. STEPHEN RITZ'S OBJECTIONS TO PLAINTIFF'S RULE 26(a)(3) DISCLOSURES

COMES NOW Defendants, Wexford Health Sources, Inc. and Dr. Stephen Ritz, by and through their attorneys Sandberg Phoenix & von Gontard, P.C., and for their Objections to Plaintiff's Rule 26(a)(3) disclosures state as follows:

### A. Witnesses Plaintiff Expects To Call At Trial

Defendants object to Plaintiff calling Walter Edwards and Dustin Perry at trial. According to Plaintiff's disclosures, Edwards and Perry had no interaction with Plaintiff until 2023 (Perry) or 2024 (Edwards). The incarceration that is the subject of this case occurred from 2017 - 2022. Thus, neither Edwards nor Perry have any information to provide the jury that is relevant to the claim or defense of any party. Their testimony about Plaintiff's condition in 2023 and/or 2024 does not tend to make any of the circumstances of the 2017-2022 incarceration more or less probable than it would be without the evidence. *See* FRE 401. Further, any probative value of their testimony about Plaintiff's condition years after the incarceration that is the subject of this case is substantially outweighed by a danger of confusing the issues and misleading the

jury.  *See* FRE 403.  Plaintiff was paroled in 2022 and then reincarcerated in 2022.  Perry did not become Plaintiff's cellmate until August 2023, and Edwards did not become Plaintiff's cellmate until April 2024.  The passage of many months between the end of the subject incarceration and these witnesses involvement in Plaintiff's life renders their testimony irrelevant and prejudicial.  *See Lewis v. City of Chi.,* No. 04 C 3904, 2005 U.S. Dist. LEXIS 63709, at *39 (N.D. Ill. June 27, 2005) (barring expert testimony regarding matters too temporally remote as lacking probative value).

For the same reasons, Defendants object to the disclosure of Dr. Venketeswara Poola.  Dr. Poola did not observe Plaintiff's condition until 2024.  Plaintiff had been paroled and reincarcerated by that time.  Plaintiff's endorsement of Dr. Poola is nothing more than an end-around the Court's prior exclusion of Plaintiff's colorectal surgeon retained expert.

Further, and as more fully stated in Co-Defendant's Objections to Plaintiff's Rule 26(a)(3) Disclosures [Doc. 151], Plaintiff's late disclosure of these witnesses warrants their exclusion.

**B.  Witnesses Plaintiff Will Call If The Need Arises**

No objections.

**C.  Witnesses Plaintiff Expects To Present By Deposition**

Dr. Ritz will be present in person at the trial.  Thus, according to Plaintiff's Disclosure, Plaintiff's designation of Dr. Ritz's deposition testimony is moot.  Defendants request that the Court enter an Order *in limine* barring Plaintiff from offering the designated deposition testimony due to Dr. Ritz's presence.  If Plaintiff does offer portions of Dr. Ritz's deposition testimony during Plaintiff's case-in-chief, then Defendants request that the Court permit

Defendants to designate additional portions of Dr. Ritz's testimony for disclosure to the jury during Plaintiff's case-in-chief as permitted by FRE 32(a)(6).

Defendants join Co-Defendants' objections as more fully stated in Doc. 151.

## D. Exhibits

Defendants object to Plaintiff's designation of all medical and mental health records to the extent Plaintiff will seek testimony from Plaintiff interpreting such clinical records. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001).

Defendants further object to any hearsay testimony by Plaintiff as to the commentary of any health care provider related to any clinical contact reflected in any clinical record. See FRE 801.

Defendants object to Plaintiff's disclosure of his records from HSHS St. John's Hospital related to his 2024 surgery. Such information does not tend to make any of the circumstances of the 2017-2022 incarceration more or less probable than it would be without the evidence. *See* FRE 401. Further, any probative value of their testimony about Plaintiff's condition years after the incarceration that is the subject of this case is substantially outweighed by a danger of confusing the issues and misleading the jury. *See* FRE 403. Plaintiff was paroled in 2022 and then reincarcerated in 2022. Perry did not become Plaintiff's cellmate until August 2023, and Edwards did not become Plaintiff's cellmate until April 2024. The passage of many months between the end of the subject incarceration and these witnesses involvement in Plaintiff's life renders their testimony irrelevant and prejudicial. *See Lewis v. City of Chi.,* No. 04 C 3904, 2005 U.S. Dist. LEXIS 63709, at *39 (N.D. Ill. June 27, 2005) (barring expert testimony regarding matters too temporally remote as lacking probative value).

Defendants object to Plaintiff's disclosure of the transcripts of the depositions of Dr. Steve Meeks, Christine Brown, Edward Potash, Dr. Ritz, and Dr. Babich.  Rule 26(a)(3) required Plaintiff to designate the portions of deposition testimony Plaintiff planned to read into evidence at trial.  Other than a limited selection from Dr. Ritz's depositions, Plaintiff failed to do so.  This non-compliance with Rule 26 warrants exclusion of all non-designated deposition testimony as evidence at trial.

SANDBERG PHOENIX & von GONTARD P.C.

By: _____
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendants Wexford Health Sources, Inc. and Stephen Ritz, M.D.*

### Certificate of Service

I hereby certify that on this the 17th day of June, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen H. Weil
Maria Makar
Julia Rickert
Loevy & Loevy
weil@loevy.com
makar@loevy.com
julia@loevy.com
*Attorneys for Plaintiff*

Tara M. Barnett
Assistant Attorney General
Kyrstin B. Beasley
Assistant Attorney General
Office of the Attorney General
Tara.barnett@ilag.gov
Kyrstin.Beasley@ilag.gov
gls@ilag.gov
*Attorney for Defendants Illinois Department of Corrections, and Steven Meeks*