IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *ANTONIO HUNTER, #M33269,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. 3:21-cv-00271-NJR |
| | ) |
| *ILLINOIS DEPARTMENT OF* | ) |
| *CORRECTIONS, WEXFORD HEALTH* | ) |
| *SOURCES, INC., STEVE MEEKS,* | ) |
| *and STEPHEN RITZ,* | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS DR. STEPHEN RITZ AND WEXFORD HEALTH SOURCES, INC.'S REPLY TO PLAINTIFF'S OBJECTIONS TO DEFENDANTS' RULE 26(A)(3) DISCLOSURES

COME NOW Defendants, Dr. Stephen Ritz and Wexford Health Sources, Inc., by and through their undersigned counsel, Sandberg Phoenix & von Gontard P.C., and for their Reply to Plaintiff's Objections to Defendants Ritz and Wexford's Rule 26(a)(3) Disclosures, hereby state as follows:

**B.   Witnesses Defendants Will Call If The Need Arises**

Plaintiff's Objections: Plaintiff objects to Defendants Wexford and Dr. Ritz's disclosure of Bobby Blum, Heather Davis, and Sean Glasgow as witnesses Defendants may present at trial. Defendants did not disclose these witnesses in their initial disclosures or at any time prior to filing their 26(a)(3) disclosures on June 3, 2024. Plaintiff objections to these witnesses due to Defendants' late disclosure, as Plaintiff has not had the opportunity to depose them or otherwise gather information about them or their testimony. Plaintiff would suffer under prejudice from the surprise of their testimony. Plaintiff further objects that the witnesses' testimony would be irrelevant.

**Defendants' Reply:** **In Defendants' Rule 26(a)(1) disclosures, Defendants Ritz and Wexford disclosed witnesses to include "…individuals named within the documents produced herewith and Plaintiff's medical records."  Therefore, disclosures of**

26027791.v1

Bobby Blum, Heather Davis, and Sean Glasgow were made as their names are contained within Plaintiff's medical records.

Such a disclosure, including the Final Pretrial Disclosure of these individuals, is sufficient to identify the treaters and the scope of their respective prospective testimony. *Valdez v. Lowry,* No. 18 CV 5434, 2021 U.S. Dist. LEXIS 232315, at *52 (N.D. Ill. Dec. 5, 2021). In evaluating a similar issue pertaining to disclosure of witnesses and use of medical records at trial, a Court in the Seventh Circuit found no sufficiency issue with a disclosure stating "any and all medical personnel who provided treatment to [him] at Jesse Brown VA Medical Center" in Rule 26(a) disclosures. *Id.* at *49.

If determined to be a delayed disclosure, the determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Mid-America Tablewares, Inc. v. Mogi Trading Co., Ltd.*, 100 F.3d 1353, 1363 (7th Cir. 1996). The Seventh Circuit has provided the following factors to guide the district court's discretion: (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date. *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Evaluating each factor in turn:

    a.    Plaintiff will not be prejudiced and should not be surprised at the disclosure. All three individuals were noted in Plaintiff's records disclosed throughout the life of this matter. Having not requested the depositions of any party prior to the end of the discovery deadline,

2

>> **Plaintiff cannot now claim prejudice via the lack of an opportunity to depose any person listed in Plaintiff's medical records.**
>
> b. **As there is no prejudice, there is no need to determine if there is an ability to cure same. Plaintiff vaguely asserts to "surprise of their testimony," but Defendants disclosed as to each witness the scope of the subject matter to which they would testify.** *See* **Doc. 153, pg. 2.**
>
> c. **Defendants have no reason to believe that trial will be disrupted by the calling of these witnesses, or any testimony offered therein.**
>
> d. **The delay, if any, was not willful and was not made in bad faith.**

**D. Exhibits**

- Exhibits Defendants Expect to Offer at Trial:
    - May 11, 2016 Memorandum – Hunter 00340-00341

Plaintiff's Objections: Plaintiff objects to the introduction of these medical records on the grounds that they are irrelevant and are hearsay. Defendants have no presented an expert witness to authenticate and interpret these records, making them inadmissible. There is no proper foundation to establish the relevance and reliability of the medical records. Further, the source of the records cannot be cross-examined.

> **Defendants' Reply: Records of a regularly conducted activity are admissible as business records under Rule 803(6).**
>
> **Though argued to be unnecessary, if required by the Court, then Defendants seek leave to disclose a witness qualified to authenticate the documents. Multiple courts have found the failure to disclose witnesses whose sole purpose is to authenticate documents the plaintiff knew about is harmless.** *Valdez v. Lowry*, **No. 18 CV 5434, 2021 U.S. Dist. LEXIS 232315, at \*51 (N.D. Ill. Dec. 5, 2021).**

- - o Little Company of Mary Hospital Records – Hunter 00451-00456, 00481-000483, 00505-00510, 000562-000568

Plaintiff's Objections: Plaintiff objects to the introduction of these medical records on the grounds that they are irrelevant and are hearsay. Defendants have no presented an expert witness to authenticate and interpret these records, making them inadmissible. There is no proper foundation to establish the relevance and reliability of the medical records. Further, the source of the records cannot be cross-examined.

**Defendants' Reply: Medical records are admissible as business records under Rule 803(6) if a proper foundation as to the reliability of the records is made. Additionally, if a certification is provided, a sponsoring witness to introduce the medical records is not necessary.** *Valdez v. Lowry*, **No. 18 CV 5434, 2021 U.S. Dist. LEXIS 232315, at \*49 (N.D. Ill. Dec. 5, 2021). Such a certification can be produced if required by the Court. See Hunter 000447. As to the relevance issue, these records relate to care Plaintiff received after being noted to complain about problems with his rectal prolapse following his 2012 rectal prolapse surgery and before his 2017 reincarceration. Plaintiff's ability to obtain care for other conditions goes against his claim that he was unable to obtain care outside the prison for his rectal prolapse. As to hearsay, Rule 803(4) excepts medical records from the hearsay rule.**

**Though argued to be unnecessary, if required by the Court, then Defendants seek leave to disclosure a witness qualified to authenticate the documents. Multiple courts have found the failure to disclose witnesses whose sole purpose is to authenticate documents the plaintiff knew about is harmless.** *Id.* **at \*51.**

- Southern Illinois University – HUNTER-SIU 001-016

Plaintiff's Objections: Plaintiff objects to the introduction of these medical records on the grounds that they are irrelevant and are hearsay. Defendants have no presented an expert witness to authenticate and interpret these records, making them inadmissible. There is no proper foundation to establish the relevance and reliability of the medical records. Further, the source of the records cannot be cross-examined.

**Defendants' Reply: Medical records are admissible as business records under Rule 803(6) if a proper foundation as to the reliability of the records is made. Additionally, if a certification is provided, a sponsoring witness to introduce the medical records is not necessary.** *Valdez v. Lowry*, **No. 18 CV 5434, 2021 U.S. Dist. LEXIS 232315, at \*49 (N.D. Ill. Dec. 5, 2021). Such a certification can be produced if required by the Court. See Hunter 000447. As to the relevance issue, these records relate to care Plaintiff received after being noted to complain about problems with his rectal prolapse following his 2012 rectal prolapse surgery and before his 2017 reincarceration. Plaintiff's ability to obtain care for other conditions goes against his claim that he was unable to obtain care outside the prison for his rectal prolapse. As to hearsay, Rule 803(4) excepts medical records from the hearsay rule.**

**Though argued to be unnecessary, if required by the Court, then Defendants seek leave to disclosure a witness qualified to authenticate the documents. Multiple courts have found the failure to disclose witnesses whose sole purpose is to authenticate documents the plaintiff knew about is harmless.** *Id.* **at \*51.**

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/Kevin K. Peek*
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendants Wexford Health Sources, Inc. and Stephen Ritz, M.D.*

**Certificate of Service**

I hereby certify that on this the 21st day of June 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| Stephen H. Weil | Tara M. Barnett |
| Maria Makar | Assistant Attorney General |
| Julia Rickert | Kyrstin B. Beasley |
| Loevy & Loevy | Assistant Attorney General |
| weil@loevy.com | Office of the Attorney General |
| makar@loevy.com | Tara.barnett@ilag.gov |
| julia@loevy.com | Kyrstin.Beasley@ilag.gov |
| *Attorneys for Plaintiff* | gls@ilag.gov |
| | |
| | Zherong Kang |
| | Assistant Attorney General |
| | Office of the Attorney General |
| | Zherong.Kang@ilag.gov |
| | gls@ilag.gov |
| | *Attorneys for Defendants Illinois Department of Corrections, and Steven Meeks* |

*/s/Kevin K. Peek*

6

26027791.v1