IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *ANTONIO HUNTER, #M33269,* | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 3:21-cv-00271-NJR |
| *ILLINOIS DEPARTMENT OF CORRECTIONS, STEVE MEEKS, and STEPHEN RITZ,* | ) ) ) ) ) |
| Defendants. | ) ) ) |

### **DEFENDANT DR. STEPHEN RITZ'S MOTIONS *IN LIMINE*** 

COMES NOW Defendant, Dr. Stephen Ritz, by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and for his Motions *In Limine*, hereby move the Court for an Order instructing Plaintiff as follows:

1. Not to mention, refer to, suggest, or bring before the jury, directly or indirectly, upon *voir dire* examination, reading of the pleadings, statement of the case, interrogation of witnesses, argument, objections before the jury, documents used at trial, or in any other manner, any of the *in Limine* matters set forth below, unless and until such matters have first been called to the court's attention, out of the presence and hearing of the jury, and until a favorable ruling has been received regarding the admissibility and relevance of such matters.

2. To inform all witnesses called by Plaintiff not to mention in the presence or hearing of the jury any of the below-enumerated *in limine* matters, unless and until specifically permitted to do so by ruling of the court.

3. If testimony to be presented to the jury has been taken before ruling on this motion and concerns matters subject to this motion, including without limitation, oral statements,

26084461.v1

documents used in the testimony or statements of counsel, such matters should be stricken before presentation to the jury.

## *IN LIMINE* MATTERS

1.      **Motion *in limine* to preclude any and all argument and evidence of medical treatment provided to other inmates.** Well-settled law prohibits a plaintiff from introducing evidence of other similar incidents absent a clear demonstration of substantial similarity between Plaintiff's claims and such claims or incidents. *See, e.g., Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1185 (7th Cir. 1992) (internal citations omitted). The Court must weigh the factors favoring admissibility against the risks of unfairness, confusion, and undue expenditure of time in trying collateral issues. *Nachtsheim v. Beech Aircraft Corp.*, 847 F.2d 1261, 1269 (7th Cir. 1988). As the differences in circumstances and conditions between the two situations increase, the probative nature of any such evidence decreases. *Id.* The party offering the proffered evidence has the burden of proof in establishing the similarity of a specific set of facts to the injury-causing incident. *Id.* at 1268. Plaintiff has not set forth any evidence of any other substantially similar treatment provided to inmates and therefore this Court should not permit him to present evidence of any to the jury. Fed. R. Evid. 403(b)(1).

WHEREFORE, Defendant Ritz respectfully requests this Court exclude argument or evidence of other medical treatment provided to inmates.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

2.      **Motion *in limine* to preclude all argument and evidence of Defendant Ritz's insurance or insurance policy.** Any application for insurance, insurance policy, or statement, evidence, or testimony concerning whether Defendant Ritz may have insurance in connection with

Plaintiff's claim, or any reference to any coverage dispute or indemnity agreement between any of the parties to this action should be excluded. Fed. R. Evid. 411.

WHEREFORE, Defendant Ritz respectfully requests this Court exclude argument or evidence of Defendant Ritz's insurance or insurance policy.

**Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____**

3. **Motion *in limine* to preclude any and all statement, testimony or argument about Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company.** Wexford is not a party to this case. While Dr. Ritz was an employee of Wexford, Wexford's corporate status is not relevant to the claim or defense of any party. Testimony about Wexford's corporate status is, therefore, irrelevant and prejudicial to the defendant. FRE 401, 402, 403. Furthermore,

WHEREFORE, Defendant Ritz respectfully requests this Court exclude argument or evidence concerning Wexford Health Sources, Inc. being a for-profit corporation or a "big" corporation or company.

**Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____**

4. **Motion *in limine* to preclude any and all argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts.** Plaintiff's witnesses who are not medical physicians, nurse practitioners, or nurses, or who have not otherwise been qualified as expert witnesses, should not be permitted to offer testimony requiring specialized knowledge, education, or training. Fed. R. Evid. 702. The Court must determine whether a witness has expert qualifications on specific matters requiring specialized knowledge. *See Ancho v. Pentek Corp.*, 157 F.3d 512, 515-17 (7th Cir. 1998) (excluding expert who did not possess requisite expertise in plant design). If a witness does not have the requisite

3

knowledge, education, or experience, he or she should not testify on matters that require such expertise. *See Id.* Further, Plaintiff and his witnesses are not qualified to testify as to any continuing damages as such an assertion requires expert opinion and the injury has not been linked medically to any ongoing damages. Therefore, this Court should prohibit any such testimony.

This includes, but is not limited to, precluding Plaintiff from offering causation testimony that surgery would have occurred had Dr. Ritz approved the referral request for a surgical consultation and/or that surgery would have successfully resolved his rectal prolapse.

WHEREFORE, Defendant Ritz respectfully requests this Court exclude argument or evidence requiring specialized knowledge, education, or training from witnesses not qualified as experts.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

5. **Motion *in limine* to exclude any and all reference to any other litigation or claims in which any Defendant or Wexford is or has been involved.** Any documents, testimony, or other evidence concerning allegations, investigations, claims, lawsuits, or other matters asserted against the Defendant Ritz by any other person or entity, including, but not limited to, any other prisoner, patient, or state medical board should be excluded. Fed. R. Evid. 404(b)(1). Defendant Ritz anticipates Plaintiff may attempt to introduce evidence of other such claims and lawsuits. Claims, investigations, lawsuits, allegations, or other matters asserted against Defendant Ritz are irrelevant and inadmissible. *Id*.; *see also* Fed. R. Evid. 401, 403.

WHEREFORE, Defendant Ritz respectfully requests this Court exclude Plaintiff from referencing any other litigation or claims in which any Defendant or Wexford is or has been involved.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

6.     **Motion *in limine* to preclude any instruction from Plaintiff or his counsel to the jury to send a message to Defendants or act as the conscience of the community.**  Any reference at trial, including during opening statements and closing arguments, that jury members or prospective jury members should "send a message" to Defendants or act as "the conscience of the community," should be excluded.  Similarly, Defendant Ritz seeks exclusion of any suggestion by Plaintiff or his witnesses that the jury should consider "sending a message" when determining whether to award compensatory damages or in determining the size of such compensatory damages. Such instructions are inherently prejudicial because they, on their face, urge the jury to render its verdict based upon "passion and prejudice." *See Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 426 (1994).

WHEREFORE, Defendant Ritz respectfully requests this Court preclude any instruction from Plaintiff's counsel to the jury to send a message to Defendants or act as the conscience of the community.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

7.     **Motion *in limine* to preclude any documents, testimony, or other evidence not expressly produced in written discovery.**  Any documents, testimony, or other evidence not expressly produced in written discovery should be excluded. Fed. R. Civ. Pro. 26(a)(3)(A)(iii).

WHEREFORE, Defendant Ritz respectfully requests this Court preclude any documents, testimony, or other evidence not expressly produced in written discovery.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

8. **Motion *in limine* to preclude Plaintiff from introducing any news articles, media stories (any medium), and opinion pieces (any medium)**. Defendant Ritz anticipates that Plaintiff may try to introduce and admit evidence regarding articles or publications about Wexford and/or its employees. Introduction of such evidence would be unfairly prejudicial and should not be allowed. *Parr v. Sunbeam Prod., Inc.*, No. 06-1208, 2009 WL 10682264, at *4 (C.D. Ill. June 3, 2009); Fed. R. Evid. 403.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from trying to introduce or admit evidence in the form of news articles, media stories, and opinion pieces.

**Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____**

9. **Motion *in limine* to preclude Plaintiff's counsel from describing themselves as "specialists in § 1983 litigation," informing the jury of their verdict or settlement record in prisoner medical cases, or stating that they only accept "valid" claims or otherwise implying this case is meritorious based on their involvement.** Defendant Ritz anticipates that Plaintiff may try to inject the implication this case is meritorious based on their decision to accept the case. The jury is to assess the merits of the case based on relevant evidence. Statements of counsel are not evidence, and such statements would be highly prejudicial to Defendants. Federal Civil Jury Instructions of the Seventh Circuit 1.06; Fed. R. Evid. 401, 403.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from stating or implying that the case has merit due to their involvement and/or that they are specialists in this type of case.

Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____

10. **Motion *in limine* to preclude Plaintiff from introducing any grievances, responses to grievances, or letters**. Defendant Ritz anticipates that Plaintiff may attempt to enter into evidence or elicit testimony regarding grievances written by Plaintiff, responses to grievances, or letters written by Plaintiff. Any such evidence would contain statements of inadmissible hearsay, for which no exception to the rule against hearsay applies. Fed. R. Evid. 802.

However, Defendants are permitted to use the grievance, responses to grievances, or letters written by Plaintiff as they choose to either impeach Plaintiff or for the truth of the matter asserted, because such statements would be offered by a party opponent and are admissible under Fed. R. Evid. 801(d)(2).

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from admitting into evidence or elicit testimony regarding grievances written by Plaintiff, responses to grievances, or letters written by Plaintiff.

**Court Ruling:   Allowed_____      Overruled_____      Under Advisement_____**

11. **Motion *in limine* to preclude Plaintiff's counsel from asking questions related to standard of care.**  This is a deliberate indifference case, not a negligence case.  Thus, the standard of care is inapplicable to the claim or defense of any party.  The jury will not receive an instruction defining "negligence" or "standard of care." Making any reference to these terms, or asking a witness if a specific act violates the standard of care or is negligent, will confuse the jury as to appropriate legal standard and/or the application of the evidence to the law.  Fed. R. Evid. 401, 403.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from making statements or questioning witnesses regarding the standard of care or negligence.

**Court Ruling:   Allowed_____      Overruled_____      Under Advisement_____**

12. **Motion *in limine* to preclude Plaintiff's non-retained expert(s) from offering testimony of "criticisms" that do not rise to the level of deliberately indifferent medical care or, in the alternative, medical negligence.** Defendant Ritz anticipates that Plaintiff's non-retained expert(s) may offer "concerns" or "criticisms" about the care Plaintiff received without regard to whether those concerns or criticisms rise to the level of deliberate indifference. Injection of irrelevant issues would prejudice the Defendants as Plaintiff's expert's comments may create the appearance of deliberately indifferent behavior through unrelated criticisms. Fed. R. Evid. 401, 403.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff's non-retained expert(s) from offering testimony of criticisms or concerns that do not rise to the level of deliberate indifference or medical negligence.

**Court Ruling:   Allowed_____    Overruled_____    Under Advisement_____**

13. **Motion *in limine* to preclude Plaintiff from offering evidence or making the argument that Wexford and/or Defendant Ritz is responsible for the actions of its employees or the medical unit at Pinckneyville in general.** Defendant Ritz anticipates that Plaintiff will attempt to offer evidence or make the argument that Wexford and/or Defendant Ritz is responsible for the actions of its employees. Introduction of any such evidence or argument is irrelevant and unfairly prejudicial to Defendants. Fed. R. Evid. 401, 403. Any suggestion that Defendant Ritz should have followed-up with, or that Defendant Ritz is responsible for any lack of follow-up by Pinckneyville medical providers, should be barred.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from offering evidence or making the argument that Wexford and/or Defendant Ritz is responsible for the actions of its employees or the medical unit at Pinckneyville in general.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

14.   **Motion in Limine to preclude Plaintiff from asking the jury for damages using a *per diem* formula.**  On May 17, 2024, this Court entered an order stating in part:

> **…**if Hunter plans to ask the jury to consider awarding a *specific amount* for each day or instance he was allegedly wronged, then the Court agrees with Defendants that Hunter should provide them with the basis for that figure. *Smith v. City of Chicago*, No. 15-cv-3467, 2020 WL 13599000, at \*5 (N.D. Ill. Nov. 4, 2020) (finding that plaintiffs cannot decline to provide defendants with a computation for non-economic damages only to later offer such a computation at trial).

*See* Doc. 143. To date, Plaintiff has yet to provide any specific figure or the basis for such a figure. Further, Plaintiff has allowed the Court to understand that he does not intend to seek or request such a specific *per diem* award of damages. *See* Doc. 143, pg. 4. With only a few weeks left until trial, any disclosure at this point would be prejudicial to Defendant.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from asking the jury for a specific amount of damages using a *per diem* formula.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

15.   **Motion in Limine to preclude Plaintiff from referencing, introducing, or discussing *Lippert* and/or *Rasho* expert reports, consent decrees, or any other documents related to opinions or findings regarding prisoner medical care or mental health care in another case.**  Introduction or reference to such documents in another, unrelated matter is wholly irrelevant, and constitutes irrelevant, inadmissible hearsay. Further, Plaintiff has no endorsed witness to lay the proper foundation for introduction of such evidence. FRE 401, 402, 403, 602, 701, 801, 802.

9

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from referencing, introducing, or discussing any aspects or documents from other unrelated matters, including *Lippert* and/or *Rasho*.

**Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____**

16.   **Motion in Limine to preclude Plaintiff from offering into evidence Wexford, IDOC, or Pinckneyville directives, policies, or protocols.**  Plaintiff should be barred from offering into evidence any evidence of or violation of any IDOC, Pinckneyville, or Wexford policies, protocols, or guidelines, as such evidence is irrelevant, substantially more prejudicial than probative, and they constitute inadmissible hearsay. FRE 801, 802, 401, 402, 403.

In *Thompson v. City of Chicago¸* 472 F.3d 444, 446 (7th Cir. 2006), the plaintiff's decedent died following a struggle with police officers. The plaintiff sued several Chicago officers, alleging among other things, excessive force in violation of the Fourth Amendment. *Id.* The trial court granted the defendants' pretrial motion in limine to exclude the Chicago PD's General Orders concerning the appropriate use of force, concluding they were irrelevant and substantially more prejudicial than probative. *Id.* At 453.  The Seventh Circuit affirmed the exclusion of this evidence as irrelevant to whether the officers used reasonable force. *Id.*at 454; *See also Whren v. United States*, 517 U.S. 806, 815 (1996) (holding police manuals, guidelines, or general orders are not reliable gauges of what is reasonable); *See also Scott v. Edinburg¸*346 F.3d 752, 760 (7th Cir. 2003) (recognizing Section 1983 protects plaintiffs from constitutional violation, not violations of state laws, departmental regulations, or police practices.).

Consistent with the above opinions, this Court should conclude that violations of any administrative regulations, policies, protocols, and contracts are not relevant to Plaintiff's claims as they do not make any element of Plaintiff's claims more likely than not. Even assuming

10

26084461.v1

*arguendo* that a defendant violated a contract provision, policy, or regulation, it would not create a reasonable inference that he is liable for Plaintiff's claim. Conversely, there is substantial danger of unfair prejudice from admitting said evidence for any purpose. "Evidence is unfairly prejudicial in the context of Rule 403 if it will induce the jury to decide the case on an improper basis…rather than on the evidence presented." *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012). If the jury is presented with such irrelevant policies or procedures that may govern a defendant's conduct, the jury is likely to decide the case based on whether the defendant fulfilled the employment obligations. However, that is not the correct standard and would mislead and confuse the jury as to the applicable legal standard, thereby lowering Plaintiff's burden in this case.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from offering into evidence any policies, procedures, guidelines, or protocols belonging to Wexford, IDOC, or Pinckneyville.

**Court Ruling:   Allowed_____   Overruled_____   Under Advisement_____**

17. **In line with the previous Motion in Limine, Plaintiff should be barred from referencing, suggesting, introducing, or presenting in any manner the idea that collegial review is unconstitutional, that Defendants engaged in any cost-saving measures through collegial review or in this matter, or any other form of presentation of a *Monell*-type claim.**

This Court previously dismissed the *Monell* claim against Wexford. *See* Doc. 118. It is anticipated that Plaintiff will attempt to use the same arguments he used in support of his *Monell* claim in order to confuse the jury and create the illusion of deliberate indifference with respect to Defendant Ritz. The Seventh Circuit ruled that Wexford's collegial review process "is not unconstitutional on its face." *Southard v. Wexford Med.*, No. 17-cv-00839-JPG, 2021 U.S. Dist. LEXIS 50955, at *16 (S.D. Ill. Mar. 18, 2021) (citing *Howell v. Wexford Health Sources,*

*Inc.*, 987 F.3d 647, 651 (7th Cir. 2021)). Plaintiff should be precluded from suggesting otherwise to the jury.

Defendant Ritz also expects Plaintiff to suggest that the refusal to send Plaintiff off-site for a surgical consultation was a cost-saving measure. Plaintiff's anticipated arguments are unsupported by any available evidence and will only serve to confuse the jury on the issue: was Defendant Ritz deliberately indifferent. Wexford is no longer in the case, so any such *Monell*-type arguments or related evidence should be barred.

Further, Plaintiff should be barred from eliciting testimony from witnesses not knowledgeable of the collegial review process. For example, Plaintiff questioned Dr. Meeks (not a Wexford employee) at length during his deposition regarding the collegial review process, even though Dr. Meeks indicated he was not directly involved, forcing Dr. Meeks to offer speculative testimony. Such testimony by Dr. Meeks, and any other witness unfamiliar with the collegial review process, should be barred as it is speculative and will only confuse the jury.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from making arguments or presenting evidence synonymous with the dismissed *Monell* claim against Wexford and attempting to attribute such evidence to Defendant Ritz. Further, Plaintiff should be barred from seeking testimony from witnesses not knowledgeable about the process, including Dr. Meeks.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

18. **Motion to bar Plaintiff's attorney letter dated June 7, 2019 (ECF 105-30; Plaintiff's Pretrial Disclosure Exhibit #24).** The letter and the records purported to be included with the letter are inadmissible hearsay not subject to any of the exceptions to the rule against

hearsay. FRE 801, 802, & 803. The letter and any documents that may be included are out of court statements offered to prove the truth of the matter asserted.

Further, Plaintiff is unable to lay any foundation or offer any testimony to lay foundation regarding the letter and any documents that may or may not have been attached. The only way proper foundation can be presented, or to even suggest that the letter and its contents are part of a business record exception, is by offering testimony by the author of the letter. In other words, Plaintiff's own counsel would need to testify at trial in order to lay the proper foundation. However, doing so would violate the advocate-witness rule. *Smith v. Chi. Transit Auth.*, No. 12 C 8716, 2015 U.S. Dist. LEXIS 8616, at *6 (N.D. Ill. Jan. 26, 2015). There is a substantial risk of prejudice, as it would cause confusion to the jury as Plaintiff's counsel acting as both lawyer and witness, as the line between fact testimony as a witness and his possible analysis of the evidence may not always be clear. *Id.* at *7 (Motion in Limine to bar trial testimony from Plaintiff's attorney granted). Without the prohibited testimony, Plaintiff will lack foundation at trial to use, refer to, or state the contents of the letter, as well as any documents that may have been attached.

Further, the letter contains Plaintiff's counsel's interpretation of facts that the jury will be asked to decide in this case. For example, the letter states that Plaintiff has been requesting medical attention for rectal pain and bleeding since early 2018. That is very much in dispute in this case. Introducing the letter into evidence would be to allow Plaintiff's counsel to testify as a witness for Plaintiff, which is precluded as more fully demonstrated above.

The letter also contains inadmissible hearsay. For example, the letter states "While at the Northern Reception and Classification Center, [Plaintiff] was seen by a doctor who informed him that he would need to undergo surgery because he was suffering from rectal prolapse." This is a hearsay statement contained in a letter which is itself hearsay. FRE 801, 802, & 803.

The quoted statement is also inadmissible opinion testimony from a witness that has not be established as an expert or timely disclosed to Defendants as required by Rule 26.  *See* also Fed. R. Evid. 702

The letter makes reference to the settlement of a prior case against Wexford and the IDOC, which is not relevant to the claims or defenses in this case and is highly prejudicial.  FRE 401.

WHEREFORE, Defendant Ritz respectfully requests this Court preclude Plaintiff from introducing the June 7, 2019, letter, any attachments to the letter, and Plaintiff's counsel's own testimony.

**Court Ruling:    Allowed_____        Overruled_____        Under Advisement_____**

19.     **Adoption of Co-Defendants' Motions in Limine**

Defendant hereby adopts and incorporates herein by reference the Motions in Limine filed by Co-Defendants' Dr. Steve Meeks and the Illinois Department of Corrections, including, but not limited to:

- Motion in Limine I – Seeking to bar Plaintiff from offering opinion causation testimony.

- Motion in Limine IV – Seeking to bar Plaintiff from imposing compliance with IDOC policies or protocols.

- Motion in Limine VII – Seeking to bar Plaintiff from "Golden Rule" arguments.

- Motion in Limine XI – Seeking to bar Plaintiff from calling Dr. Poola as a witness or offering into evidence any medical records related to Dr. Poola's care.

- Motion in Limine XIII – Seeking to bar Plaintiff from citing or offering into evidence responses to the statements of fact used during the parties' summary judgment briefing.

14

WHEREFORE, Defendant Ritz respectfully requests this Court grant Co-Defendants' Motions in Limine.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

20.     Defendant Ritz respectfully requests leave of Court to file additional Motions *in Limine* as necessary and as allowed by this Court's standing Case Management Procedures.

**Court Ruling:   Allowed_____     Overruled_____     Under Advisement_____**

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Dennis S. Harms
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendant Stephen Ritz, M.D.*

15

## Certificate of Service

I hereby certify that on this the 2nd day of June, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen H. Weil
Maria Makar
Julia Rickert
Loevy & Loevy
weil@loevy.com
makar@loevy.com
julia@loevy.com
*Attorneys for Plaintiff*

Tara M. Barnett
Kyrstin B. Beasley
Zherong Kang
Assistant Attorney General
Office of the Attorney General
Tara.barnett@ilag.gov
Zherong.Kang@ilag.gov
gls@ilag.gov
*Attorneys for Defendants Illinois Department*
*of Corrections, and Steven Meeks*

                                                  /s/ Dennis S. Harms

26084461.v1