IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTONIO HUNTER,<br><br>**Plaintiffs,**<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>and STEPHEN RITZ, M.D.,<br><br>**Defendants.** | Case No. 3:21-CV-271-NJR |

# FINAL PRETRIAL ORDER

**ROSENSTENGEL, Chief Judge:**

I. **COUNSEL OF RECORD**

   **Attorneys for Plaintiff:**

   Julia Rickert – julia@loevy.com
   Stephen Weil – weil@loevy.com
   Maria Makar – makar@loevy.com
   Loevy & Loevy
   311 North Aberdeen St., 3rd Floor
   Chicago, IL 60607
   Phone: 312-243-5900

   **Attorneys for Defendants:**

   Dennis Harms - dharms@sandbergphoenix.com
   Kevin Peek - kpeek@sandbergphoenix.com
   Sandberg Phoenix & von Gontard, P.C.
   700 Market Street, Suite 600
   St. Louis, MO 63101
   Phone: 314-231-3332

II. **NATURE OF THE CASE**

   Between 2018 and 2022, Plaintiff Antonio Hunter was incarcerated at Pinckneyville Correctional Center, a facility of the Illinois Department of Corrections (IDOC).

Hunter asserts he suffered from a rectal prolapse throughout that time. Hunter did not receive surgery for rectal prolapse while he was incarcerated at Pinckneyville. Hunter asserts that his rectal prolapse caused him pain and discomfort.

Hunter has sued one doctor, Dr. Stephen Ritz. Hunter claims that Dr. Ritz violated his Eighth Amendment constitutional rights by exhibiting deliberate indifference to his need for surgery to repair his rectal prolapse. Dr. Ritz denies that he violated Hunter's constitutional rights.

### III. SUBJECT MATTER JURISDICTION

This is an action for compensatory damages and punitive damages. Hunter also seeks costs and statutory attorney fees.

The basis for the Court's subject matter jurisdiction is federal question jurisdiction under 28 U.S.C. §§ 1331 & 1343. Hunter's claims are brought under 42 U.S.C. § 1983.

The existence of subject matter jurisdiction is not contested.

### IV. UNCONTROVERTED FACTS

The parties agree that the following facts are not disputed:

1. In November 2017, Hunter was admitted to the IDOC.
2. Hunter was incarcerated at Pinckneyville Correctional Center from February 8, 2018 to July 8, 2022.
3. Prisoners in the IDOC receive medical care from a company called Wexford Health Sources, Inc.

The parties propose to convey these facts to the jury in the following manner:

The parties request that the Court convey these facts to the jury.

Hunter also notes that, as the Court found in its summary judgment ruling, many additional facts are "not genuinely disputed." *See* Dkt. 118 at 5-11.

### V. CONTROVERTED FACTS

Defendants identify the following as controverted facts:

1. Whether Defendant Dr. Ritz violated Hunter's Eighth Amendment rights against deliberate indifference regarding the treatment of his rectal prolapse.

Hunter disagrees with Defendants' characterization of the legal questions above as "facts." Hunter is uncertain which purely factual matters Defendants dispute.

## VI. AGREED TO ISSUES OF LAW

The parties agree that the Court is to decide the following legal issues:

At this time, the parties have identified no legal issues that they agree the Court is to decide.

Defendants identify the following legal issues that they believe the Court should decide:

1. Whether Hunter may submit a claim to the jury that Defendant Dr. Ritz violated Hunter's Eighth Amendment rights against deliberate indifference regarding the treatment of his rectal prolapse;

2. Whether Hunter is entitled to compensatory damages;

3. Whether Hunter is entitled to punitive damages.

Hunter disagrees that any of the issues above are ripe to be decided by the Court, absent appropriate motions and depending on the evidence introduced at trial. Further, Hunter's position is that the jury is to determine whether he is entitled to damages.

## VII. WITNESSES

Hunter intends to call the following witnesses:

1. Antonio Hunter
2. Dr. Glen Babich
3. Dr. Percy Myers
4. Dr. Stephen Ritz
5. Christine Brown
6. Dr. Venketeswara Poola
7. Dr. Jerrold Noble
8. IDOC Custodian of Records

Defendants intend to call the following witnesses:

1. Dr. Stephen Ritz
2. Dr. Percy Myers

      3. Dr. Glen Babich
      4. Bobby Blum, NP
      5. Antonio Hunter
      6. Dr. Steve Meeks
      7. Christine Brown
      8. Heather Davis, FNP
      9. Sean Glasgow, M.D.

## VIII. EXHIBITS

Defendants Dr. Ritz and Wexford Health Sources, Inc., filed their Rule 26(a)(3) Disclosures on June 3, 2024. (Doc. 150). Hunter filed his Rule 26(a)(3) Disclosures on June 2, 2024. (Doc. 146). The parties timely filed objections, and the Court has ruled accordingly.

## IX. DAMAGES

Hunter seeks to ask the jury to award him between $2 million and $12 million in compensatory damages. The basis for this amount is the pain and suffering Hunter needlessly endured, compounded by the long duration of his suffering. Hunter will also ask the jury to award Mr. Hunter punitive damages against Dr. Ritz.

## X. BIFURCATED TRIAL

The parties do not anticipate a bifurcated trial.

## XI. TRIAL BRIEFS

The parties did not file trial briefs.

## XII. MOTIONS *IN LIMINE*

The parties timely filed motions *in limine*, which the Court has addressed in its Order of July 18, 2024.

## XIII. DEPOSITION DESIGNATIONS

No deposition designations have been filed or disclosed.

## XIV. JURY INSTRUCTIONS

The parties have submitted proposed jury instructions.

XV. **OTHER TRIAL-RELATED MATTERS**

   A. **Trial Date**. Jury Trial will begin on **July 22, 2024**.

   B. **Length of Trial**. The probable length of trial is **three days**.

   C. **Voir Dire**. Judge Rosenstengel will conduct a preliminary voir dire of all prospective jurors, inquiring about the juror's employment, prior jury service, etc. Counsel then will be permitted to conduct voir dire. As a general rule, Judge Rosenstengel does not set a time limit on counsel's voir dire. Any voir dire questions that counsel specifically want Judge Rosenstengel to ask shall be submitted via e-mail to NJRpd@ilsd.uscourts.gov prior to the first day of trial.

   D. **Number of Jurors**. There shall be a minimum of six jurors in a civil case. Generally, two "alternate jurors" are also selected, and all jurors remaining at the end of the case will deliberate.

   E. **Witness Exclusion**. Non-party witnesses will be excluded from the courtroom prior to their testimony at trial. Counsel will bear primary responsibility for monitoring enforcement of this Order.

   **IT IS SO ORDERED.**

   DATED:   July 18, 2024

   _____
   **NANCY J. ROSENSTENGEL**
   **Chief U.S. District Judge**