IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ANTONIO HUNTER,** | |
| **Plaintiff,** | |
| v. | Case No. 3:21-CV-271-NJR |
| **WEXFORD HEALTH SOURCES, INC., and STEPHEN RITZ, M.D.,** | |
| **Defendants.** | |

# ORDER

**ROSENSTENGEL, Chief Judge:**

A dispute has arisen regarding the admissibility of Plaintiff Antonio Hunter's medical records at the trial in this case, which will start on Monday. The parties provided statements regarding their respective positions directly to the Court. Having reviewed counsel's submissions, the Court does not find it necessary to hold a hearing before trial.

In short, Hunter stipulates to the authenticity of all medical records and documents produced by the Illinois Department of Corrections, but contends that the admissibility of the records at trial should be governed by the Federal Rules of Evidence (hardly a debatable point). Defendants, on the other hand, take the position that all medical records exchanged in discovery are admissible at trial, subject to any *in limine* rulings.

Defendants correctly state that medical records generally are admissible under Federal Rules of Evidence 803(4), as long as the statements within are related to diagnosis

and treatment, and 803(6), if the records were kept in the normal course of business. *See Cook v. Hoppin*, 783 F.2d 684, 689-90 (7th Cir. 1986). Of course, if a statement within a medical record is not the type of information reasonably pertinent to a physician in providing treatment, the statement is inadmissible hearsay. *Id.* at 690. Moreover, just because a medical record itself is admissible as evidence does not mean any doctor witness can opine as to the meaning of those records, if that doctor was not involved in the care provided. And, of course, the Court will not allow undisclosed expert testimony on any issue.

At this point, the Court provisionally agrees with Defendants that all medical records are admissible. As the Court stated in its Order on the parties' motions *in limine*, the fact that Hunter sought treatment for other conditions in 2017 but not for rectal prolapse has probative value with regard to his claim for damages. That being said, the Court will take up specific objections made to exhibits and testimony at the time the exhibit is offered—or Monday before opening statements—if the parties wish to present their arguments regarding specific redactions at that time. Hunter shall have redacted copies of the medical records available at trial, should the Court sustain his objection to any specific exhibit.

**IT IS SO ORDERED.**

DATED: July 18, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**