IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *ANTONIO HUNTER*, #M33269, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:21-cv-00271-NJR |
| *STEPHEN RITZ*, | ) ) ) |
| Defendant. | ) ) |

**DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

COMES NOW Defendant, Dr. Stephen Ritz, by and through his attorneys, Sandberg Phoenix & von Gontard P.C., and under Federal Rule of Civil Procedure 50 renews his[1] motion to direct a verdict in his favor. In support of this motion, Defendant Ritz states as follows[2]:

**DELIBERATE INDIFFERENCE CLAIM AGAINST DEFENDANT RITZ**

1. On July 22, 2024, Plaintiff proceeded to trial against Defendant Ritz regarding his Eighth Amendment Deliberate Indifference claim related to a referral for a surgical consultation for rectal prolapse. Key to Plaintiff's claim is his allegation that (1) Dr. Ritz was deliberately indifferent by denying a referral request for a surgical consultation regarding Plaintiff's rectal prolapse in May of 2018, and (2) Dr. Ritz was deliberately indifferent by not immediately referring Plaintiff out for a surgical consult or surgery following receipt of a June 2019 letter from Plaintiff's lawyers. Doc. 118.

2. In order to establish a cause of action for deliberate indifference under Section 1983, Plaintiff must show (1) he suffered an objectively serious medical condition; (2) Dr. Ritz

---

[1] During oral arguments for Defendants Ritz and Wexford's Motion for Directed Verdict, the Court granted the unopposed motion related to the remaining ADA claim against Wexford, thus dismissing Wexford from the case.
[2] In addition to this Motion, Defendant incorporates by reference his oral arguments presented to the Court at the close of Plaintiff's evidence and all evidence.

knew of the condition and was deliberately indifferent to treating him; and (3) Dr. Ritz's indifference caused Plaintiff further harm or injury. *Thomas v. Walton*, 461 F.Supp. 2d. 786, 793 (S.D. Ill. 2006); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).

3. "Deliberate indifference implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to prevent it." *Thomas*, 461 F.Supp.2d at 793, citing *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). The totality of care provided to an inmate is examined to determine whether prison officials have been deliberately indifferent to the inmate's serious medical needs. *Walker v. Peters*, 233 F.3d 494, 501 (7th Cir. 2000).

4. Furthermore, in the context of medical professionals, negligence, even gross negligence, does not constitute deliberate indifference. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1040 (7th Cir. 1998); *see also Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) (observing that a difference of opinion as to how to treat a medical condition does not give rise to a deliberate indifference claim).

5. In order to prevail on a claim premised upon deliberate indifference, Plaintiff must establish Dr. Ritz's conduct caused Plaintiff further harm. *McDonald v. Lovell*, No. 11-cv-762-SCW, 2014 WL 520901, at *6 (S.D. Ill. Feb. 7, 2014); *see also Foote v. Lewis*, No. 11-cv-50321, 2014 WL 202706, at *3 (N.D. Ill. Jan. 17, 2014); *Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (finding that regardless of the seriousness of the medical condition at issue, a plaintiff "cannot prove tortious misconduct as a result of failure to treat the condition without providing evidence that the failure caused injury or a serious risk of injury.").

6. Federal Rule of Civil Procedure 50(a) provides a Court may grant a motion for judgment as a matter of law against a plaintiff if the Court "finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the [plaintiff] on that issue." If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), a renewed motion for judgment as a matter of law may be filed and the court may direct the entry of judgment as a matter of law even after the matter has been submitted to a jury. Fed. R. Civ. P. 50(b).

7. In the present matter, Plaintiff has failed to produce competent and substantial evidence supporting each and every element of his deliberate indifference claim; in particular he has failed to produce evidence showing Dr. Ritz was deliberately indifferent to his serious medical needs.

8. Even through presentation of numerous witnesses and document evidence, Plaintiff has failed to produce competent and substantial evidence supporting his claim. Specifically, Plaintiff cannot show that he had a serious medical need, cannot show that Dr. Ritz consciously failed to take reasonable measures to provide treatment for a serious medical need, and cannot show that as a result of Dr. Ritz's actions or inaction, Plaintiff was harmed.

9. In what should have been the strongest evidence available to Plaintiff, Plaintiff's own testimony was not competent or sufficient to support his own claim to a reasonable jury.

   a. Plaintiff alleges that following his surgery in 2012, his symptoms regarding rectal prolapse did not return until November of 2017, which coincides with his reincarceration in the Illinois Department of Corrections. However, through evidence presented at trial, Plaintiff started to complain again of rectal prolapse-related symptoms only a few months after his initial surgery in 2012.

      b. In 2016 and 2017, during which time Plaintiff testified that he "was out" of prison, he sought care for issues other than rectal prolapse, including personal injections and a resulting infection. This evidence does not support Plaintiff's claim, but rather demonstrates that Plaintiff's medical need was not serious.

    10. Following his incarceration in November of 2017, the presented evidence shows that he sought medical care for his rectal prolapse again in 2018 at Pinckneyville Correctional Center. He was quickly seen by Dr. Percy Myers. The evidence demonstrates that Dr. Myers noted Plaintiff's subjective complaints of blood in his stool and prior rectal prolapse-related surgery, yet Dr. Myers himself did not observe or note an active rectal prolapse at that time. In response, Dr. Myers submitted a referral request for Plaintiff to be seen for a surgical consultation to address his complaints.

    11. Within a few days, Dr. Ritz had a collegial review call to discuss the referral request. The evidence demonstrates that Dr. Ritz recommended an alternative treatment plan of requesting medical records for Plaintiff's prior surgery, blood tests to address Plaintiff's subjective complaints of blood in his stool, and instructions for Plaintiff to re-present to the health care unit if bleeding occurs.

    12. As presented testimony and evidence in the medical records demonstrated, multiple subsequent providers (Dr. Glasgow and Dr. Poola) also determined that obtaining Plaintiff's prior surgical records before providing further care as to Plaintiff's rectal prolapse was preferred and appropriate.

13. Plaintiff was provided with an authorization form to identify the location of Plaintiff's surgery in order to allow medical staff at Pinckneyville to obtain records from the surgeon related to the 2012 surgery. However, Plaintiff simply indicated "I don't know" on the form.

14. Plaintiff testified during trial that he knew the entire time that his surgery was performed at Cook County Hospital. Therefore, the only conclusions the jury can draw from this evidence is (1) Plaintiff lied while giving testimony under oath in court, or (2) Plaintiff lied on the form and was being deliberately obstructive to those seeking to provide him with medical care. Neither can be considered as substantial evidence of Plaintiff's claim to a reasonable jury. This is not a credibility determination, as whether the jurors find him credible or not credible, the resulting impact (or lack thereof) of the evidence is the same.

15. The evidence presented further demonstrates that Plaintiff never submitted a sick call request between July of 2018 and December of 2021 regarding rectal prolapse or related symptoms. Therefore, a reasonable jury will note that Plaintiff himself never sought any further care for his allegedly serious and debilitating condition.

16. Plaintiff next faults Dr. Ritz for not immediately referring Plaintiff to a surgeon following Plaintiff's counsel's issuance of a letter to Wexford and IDOC's Dr. Meeks in June of 2019. The evidence shows this letter was not addressed to or intended to be received by Dr. Ritz.

17. The presented evidence on this allegation again did not support Plaintiff's claim of deliberate indifference to a reasonable jury. Whether or not the letter was brought to Dr. Ritz's attention, Dr. Ritz reasonably expected that the on-site medical staff at Pinckneyville was providing appropriate care to Plaintiff. The same holds true when Plaintiff filed the present lawsuit in 2021.

18. Plaintiff has failed to meet his burden of proof, and has not provided a reasonable jury with legally sufficient evidence to find in his favor. No evidence presented by Plaintiff adequately supports his claim to a jury that Dr. Ritz deliberately ignored or caused harm to Plaintiff between 2018 and 2022.

19. No reasonable fact finder could find Dr. Ritz was deliberately indifferent to Plaintiff's serious medical needs between 2018 and 2022.

20. On July 26, 2024, after the jury deliberated for approximately 13 hours, the jury notified the Court that they could not come to a unanimous decision on liability. Upon declaration of a mistrial by the Court as a result, the jury revealed that five members of the seven-member jury found in favor of Dr. Ritz and against Plaintiff. The two jurors leaning in Plaintiff's favor disclosed during *voir dire* that they each had incarcerated family members, thus suggesting a personal interest in their leanings of the verdict. This result further shows that Plaintiff did not present evidence sufficient for a reasonable jury to find in his favor.

21. In the matter of *Schultz v. American Airlines, Inc.*, the Defendant, like Defendant Ritz, moved for directed verdict before the case was given to the jury, but the District Court denied the motions and gave the case to the jury. *Schultz v. Am. Airlines, Inc.*, 901 F.2d 621, 623 (7th Cir. 1990). After deliberating for one-half days, the jury reported that it was deadlocked five to one. *Id.* The Defendant moved for judgment again, and the Judge granted the motion. *Id.* The ruling was affirmed on appeal. *Id.*

22. In *Howell v. Wexford Health Sources, Inc., et al.*, the District Court found that a motion for judgment as a matter of law should be granted even following a jury verdict in plaintiff's favor. *Howell v. Wexford Health Sources, Inc.*, No. 16-cv-160-RJD, 2019 U.S. Dist. LEXIS 176331, at *9 (S.D. Ill. Oct. 9, 2019) ("The jury's verdict on Plaintiff's claim of deliberate indifference against Wexford was not supported by the evidence introduced at trial and cannot stand. Judgment must be entered in favor of Defendant Wexford Health Sources, Inc."). Therefore, this Court has the authority to enter judgment even with the trial's hung jury.

23. For the foregoing reasons and the oral arguments made before the Court, as a matter of law, Dr. Ritz is entitled to judgment as a matter of law on Plaintiff's claim of deliberate indifference against him because a reasonable jury does not have a legally sufficient evidentiary basis to find in Plaintiff's favor. It is respectfully requested that this Court direct entry of judgment as a matter of law. Fed. R. Civ. P. 50(b)(3).

## **PUNITIVE DAMAGES**

24. In Section 1983 actions, a party may recover punitive damages only "when the defendants' conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to federally protected rights." *Smith v. Wade*, 461 U.S. 30, 30 (1983).

25. Intentional acts do not mandate a punitive damages award. *Crumble v. Blumthal*, 549 F.2d 462, 467 (7th Cir. 1977).

26. With intentional torts the defendant's conduct must be worse than the minimum required to be held liable for a tort in order to award punitive damages. *Sufrin v. Hosier*, 128 F.3d 594, 598 (7th Cir. 1997) (applying Illinois law).

27. For example, in fraud actions deceit alone does not support a punitive damages award; the plaintiff must show "the false representations are wantonly and designedly made."

*Jannotta v. Subway Sandwich Shops, Inc.*, 125 F.3d 503, 511 (7th Cir. 1997) (internal citations omitted).

28. Courts also describe the standard as requiring willful and wanton conduct indicating a high degree of moral blame, akin to the type of blame involved in criminal intent. *Dewick v. Maytag Corp.*, 296 F.Supp.2d 905, 907 (N.D. Ill. 2003).

29. "Willful" in the context of punitive damages does not mean intentional conduct; it means knowledge of unlawfulness or reckless indifference to the law. *Zazu Designs v. L'Oreal*, 979 F.2d 499, 507 (7th Cir. 1992).

30. The Court must decide as a matter of law whether the facts and circumstances of a case justify imposing punitive damages before instructing the jury on the standard. *Hammond v. North Am. Asbestos Corp.*, 454 N.E.2d 210, 211 (Ill. 1983).

31. Dr. Ritz's involvement in Plaintiff's care, described above, does not demonstrate any "knowledge of unlawfulness or reckless indifference to the law," required to award punitive damages. *See Zazu Designs*, 979 F.2d at 507.

32. Plaintiff here has not set forth competent and substantial evidence demonstrating the Defendant's conduct was "wantonly and designedly made" above and beyond the minimum to be held liable for deliberate indifference and, therefore, cannot demonstrate he is entitled to punitive damages. *See Jannotta*, 125 F.3d at 511.

## CONCLUSION

WHEREFORE Defendant Dr. Stephen Ritz respectfully requests this Court find that because Plaintiff did not set forth evidence sufficient to permit this jury to determine deliberate indifference or that Defendant's conduct was "wantonly and designedly made" sufficient to award punitive damages, it is appropriate to direct a verdict in Defendant Ritz's favor under Rule 50.

26316828.v1

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Kevin K. Peek*
Dennis S. Harms, #6291610
Kevin K. Peek, #6328823
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
kpeek@sandbergphoenix.com

*Attorneys for Defendant Stephen Ritz, M.D.*

### Certificate of Service

I hereby certify that on this the 29th day of July 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Stephen H. Weil
Maria Makar
Julia Rickert
Loevy & Loevy
weil@loevy.com
makar@loevy.com
julia@loevy.com
*Attorneys for Plaintiff*

*/s/ Kevin K. Peek*