IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Antonio Hunter, | |
| Plaintiff, | Case No. 21-cv-271-NJR |
| v. | |
| Stephen Ritz, | JURY TRIAL DEMANDED |
| Defendant. | |

**PLAINTIFF'S MOTION IN LIMINE TO BAR QUESTIONING ABOUT ATTORNEY CALLS AND TO BAR ARGUMENT AND INSINUATION THAT PLAINTIFF'S CASE WAS MANUFACTURED BY HIS ATTORNEYS**

Plaintiff respectfully moves in limine to bar any questioning of Plaintiff about his phone calls with his attorneys and to preclude any argument, questioning, or insinuation by defense counsel that Plaintiff's claims were fabricated or manufactured in coordination with Plaintiff's counsel. Such arguments are unfairly prejudicial (Fed. R. Evid. 403) and constitute improper attacks on counsel's integrity. *See, e.g.*, *United States v. Young*, 470 U.S. 1, 8 (1985) ("The Court has recognized that attacks on the integrity or role of opposing counsel have no place in the trial.").

## BACKGROUND

Before the July 2024 trial in this case, Plaintiff moved in limine to bar any reference to Mr. Hunter's separate, prior lawsuit for denial of medical care. ECF 168 at 9–10. The Court reserved ruling on the motion, reasoning that "this motion is highly dependent on the testimony that has been elicited and the evidence sought to be admitted." ECF 177 at 21 (Order on Motions in Limine). At the trial, defense counsel agreed he would not bring up the prior lawsuit. *See* ECF 206 (Day 2 Trial Transcript) at 131:23. However, prior to cross-examination of Mr. Hunter,

1

defense counsel shared with Plaintiff's counsel the redacted versions of his exhibits, which had unredacted call logs showing the date of Mr. Hunter's calls with his attorneys prior to this lawsuit.

Plaintiff's counsel objected to the introduction of this exhibit without redactions, anticipating from defense counsel's opening statement that Defendant would pursue an argument that Mr. Hunter did not do anything to seek treatment prior to the filing of this lawsuit. *Id.* at 130:03–133:18. Plaintiff's counsel argued that, in addition to violating the spirit of the MIL ruling about the prior lawsuit, such questioning sought to invade attorney-client privilege and would also put Plaintiff's counsel in the untenable position of being witnesses who could explain the reasons for the calls and the timing of the filing of the current lawsuit. *Id.* at 133:05–15. The Court had to decide on the spot while the jury was waiting and said she would need to think about whether to bar questions about these legal calls. *Id.* at 131:16–17.

During cross-examination, however, defense counsel began to question Mr. Hunter about his prison call logs and specifically, calls he had with his attorneys. *Id.* at 205:22–206:09. Defense counsel then pursued questions about the identity of the lawyers listed in the logs and their past employment by the same law firm currently representing Plaintiff. *Id.* at 206:01–14. Defense counsel also questioned Plaintiff as to why these calls began before the damages period and complaints in *this* suit, even though defense counsel knew that Mr. Hunter had a previous lawsuit, which the parties had agreed not to reference in the trial. *Id.* at 206:1–25, 207:1–208:3, 223:6–12, 22–25, 224:7–25, 225:1–13 ("Q. Yesterday, when you were testifying under oath in this courtroom, you told us that you did not contact any attorneys about this case until the end of 2018 or the beginning of 2019, right?") ("Q. But what you said yesterday, to try to put it fairly to you, about not contacting any lawyers until the end of 2018 or the beginning of 2019, that's not

2

accurate, right?") ("Q. Okay. Your testimony that you are giving under oath, part of it is guessing?").

## ARGUMENT

With the clarity provided by defense counsel's actual use of the phone logs during the mistrial, the Court should bar Defendant from questioning Plaintiff in any manner during the retrial about phone calls with his attorneys. Defense counsel's questions were designed to insinuate that Mr. Hunter and his attorneys manufactured this lawsuit, which is a damning suggestion to make to a jury tasked with determining the credibility of Plaintiff and his counsel. *See Gleason v. Noyes*, 125 F.3d 855 (6th Cir. 1997) (defense counsel's personal attacks on plaintiff's counsel, insinuation that plaintiff's experts had fabricated their testimony, and argument about evidence not in the record were "crucial" to the jury's credibility determinations and were a "clear and obvious" violation of current law).

Plaintiff could not substantively answer the questions about attorney calls without revealing privileged communications, discussing his prior lawsuit, or putting Plaintiff's counsel in the position of needing to explain strategy or reveal work product. Putting him in that position was improper. *See Anderson v. Montgomery Ward & Co*., No. 82 C 7277, 1987 WL 5682, at *1 ("It is settled law that a litigant may not force an opposing party to waive the attorney-client privilege.") (citing 12 Federal Procedure, L.Ed. § 33.184)).

Plaintiff could not even rebut defense counsel's insinuation that all of the attorney calls in question concerned *this* lawsuit. That insinuation was false, as defense counsel, who is familiar with the prior lawsuit, is well aware. And it is axiomatic that trial attorneys may not make material misstatements of law or fact. *See, e.g.*, *U.S. v. Udechukwu*, 11 F.3d 1101, 1105–06 (1st Cir. 1993) (prosecutor's insinuation that defendant fabricated story about drug source was

reversible error because prosecutor knew drug source existed); *U.S. v. Murrah*, 888 F.2d 24, 27–28 (5th Cir. 1989) (prosecutor's reference in opening and closing arguments to witness whose testimony would implicate defendant but who was never produced was reversible error as it was "inflammatory and misleading"); *U.S. v. Kojayan*, 8 F.3d 1315, 1320–22 (9th Cir. 1993) (prosecutor's untruthful statement that he had no plea bargain agreement with witness was reversible error despite being invited by defense); *Davis v. Zant*, 36 F.3d 1538, 1546–51 (11th Cir. 1994) (prosecutor's closing statement that defendant fabricated last minute defense that codefendant committed murder was reversible error because prosecutor knew codefendant confessed and viable defense hinged on defendant's credibility); *U.S. v. Watson*, 171 F.3d 695, 698 (D.C. Cir. 1999) (prosecutor's misstatement of defense witness' testimony was reversible error because it amounted to statement of fact to jury not supported by record).

Defense counsel is perfectly free to question Plaintiff about the timing of the onset of his symptoms versus when his lawsuit was ultimately filed. But defense counsel should not be permitted to use attorney call logs to imply a manufactured lawsuit in conspiracy with Plaintiff's counsel. Presumably no log of Defendant's own calls with attorneys exists, and the fortuity that a log of Plaintiff's attorney calls does exist should not open the door to a line of questioning that does nothing but put Plaintiff in an impossible position and invite the jury to draw false conclusions. Defense counsel should be barred at the retrial next month from using the call logs to inquire and make insinuations about Plaintiff's communications with his attorneys.

## CONCLUSION

For the above reasons, Plaintiff respectfully requests that the Court bar questioning about attorney calls and bar argument and insinuation that Plaintiff's case was manufactured by his attorneys.

        Respectfully submitted,

        **ANTONIO HUNTER**

        By: <u>/s/ Maria Makar</u>
        *One of Plaintiff's Attorneys*

Jon Loevy
Locke Bowman
Julia Rickert
Maria Makar
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
T: (312) 243-5900
F: (312) 243-5902
Makar@loevy.com

**CERTIFICATE OF SERVICE**

    I, Maria Makar, an attorney, hereby certify that on May 16, 2025, I caused the foregoing document to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Maria Makar
*One of Plaintiffs' Attorneys*
