IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *ANTONIO HUNTER, #M33269,* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:21-cv-00271-NJR |
| | ) |
| *ILLINOIS DEPARTMENT OF CORRECTIONS, WEXFORD HEALTH SOURCES, INC., STEVE MEEKS, and STEPHEN RITZ,* | ) ) ) ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS RESPONSE TO PLAINTIFFS MOTION IN LIMINE
TO BAR EVIDENCE ABOUT PLAINTIFF'S CALLS WITH COUNSEL**

COMES NOW Defendant, Dr. Stephen Ritz, by and through his attorneys Sandberg Phoenix & von Gontard, P.C., and for their Response to Plaintiff's Motion in Limine seeking to bar questioning about Plaintiff's calls with counsel represents unto the Court as follows:

**Introduction**

Plaintiff's counsel made themselves part of this case via significant parts of their liability allegations and now want to avoid the potentially negative impact of those decisions. Plaintiff's contact with his counsel on the exact same day he filed a grievance complaining about not being treated for his rectal prolapse, despite no documented complaints at that point in the subject incarceration. A significant part of this case relates to the inability to obtain the records from Plaintiff's prior operation as requested in the alternative treatment plan developed by Defendant with Dr. Alberto Butalid. Plaintiff's counsel was a potential source for these records, or at least a source for Plaintiff to obtain the name of the provider so that Wexford could obtain the records independently.

40094956.v1

## Law and Argument

### A. Plaintiff Testified During Trial That The Calls Related To This Case, Not The Prior Case

Plaintiff's Motion in Limine misrepresents the nature of the calls in question as being solely about Plaintiff's prior lawsuit against Wexford. Plaintiff's own testimony demonstrates that he was seeking their input regarding the facts and circumstances giving rise to this case, specifically filing a grievance. Further, Plaintiff's prior case was settled in October 2016. *See Hunter v. Sood,* Cause No. 13-cv-02569, Doc. 223. The claim that Plaintiff was communicating with Loevy & Loevy in 2018 about a settlement in 2016, especially when Plaintiff had been released and reincarcerated in the interim, is dubious.

Plaintiff's cumulative counseling summary demonstrates that Plaintiff had a call with an attorney from Lovey & Lovey on February 27, 2018. *See* Defendant's Exhibit 256. At that point, no health care provider had documented Plaintiff complaining about issues with rectal prolapse despite Plaintiff having been seen by providers. That same day, Plaintiff filed a grievance complaining about being denied care for his rectal prolapse. *See* Defendant's Exhibit 250. Plaintiff testified at trial:

> As we went back to February 27, only reason my grievance was wrote the same day is because he told me to do my paperwork, because I was trying to explain to him that they wasn't doing nothing for me, so he made sure I wrote my paperwork up so there can be a paper trail.

Doc. 206, p. 82:21-25.

From the time Plaintiff's grievance was denied in the summer of 2018 until Plaintiff's counsel sent Wexford a letter in the summer of 2019 Plaintiff made zero nurse sick call requests to be seen for problems with rectal prolapse. *See* Doc. 206, pp. 94:8 – 95:18. Plaintiff's

40094956.v1

counsel's conduct is intertwined with Plaintiff's conduct.  Plaintiff did not seek care for himself during the pertinent time frame but clearly communicated with Plaintiff's counsel about problem he was having, resulting in the June 2019 letter from Plaintiff's counsel to Wexford.  In a case in which Plaintiff is likely to ask the jury for millions of dollars, including punitive damages, it is relevant to the jury's analysis that Plaintiff was willing to seek him from lawyers but not health care providers.

Additionally, Plaintiff submits as a significant part of his claim a letter that Plaintiff claims included the records sought by Defendant during the collegial review call.  It is relevant and probative to the jury's analysis that Plaintiff had repeated contact with the same firm that ultimately sent some records during the same time period when Plaintiff was unable to identify the provider.

The transcript from the first trial demonstrates that Plaintiff can be questioned about his multiple contacts with Plaintiff's counsel during the relevant time period without any violation of attorney client privilege.  That said, to the extent that Plaintiff's motion is based upon privilege, such privilege has been waived.

Defendant never argued at trial that opposing counsel manifested this lawsuit, nor made an "improper attack on opposing counsel's credibility."  The evidence is probative regarding the extent to which Plaintiff was actually in pain, particularly given that Plaintiff found time to communicate with counsel but could not be bothered to put in medical requests or sick calls. The evidence further undermines Plaintiff's assertions that a prompt surgery was necessary and Plaintiff's assertions that he was in "extreme" pain. Additionally, as Plaintiff has expressed intent to calculate and communicate damages to the jury in terms of per diem suffering, days

40094956.v1

spent contemplating litigation rather than seeking medical care go directly to whether or not Plaintiff was in need of medical care on a given day.

## Conclusion

The evidence that Plaintiff seeks to bar is relevant to issues of liability, causation and damages. Plaintiff claims that he was forced to suffer because of a delay in treating his condition. The jury must be permitted to evaluate his conduct while allegedly suffering, including contact with the same law firm that sent the June 2019 letter purportedly forwarded the exact records sought.

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Dennis S. Harms
Dennis S. Harms, #6291610
Jennifer E. Blood, #6304806
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
jblood@sandbergphoenix.com

*Attorneys for Defendant Stephen Ritz, M.D.*

40094956.v1

## Certificate of Service

I hereby certify that on this the 2nd day of June, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Maria Makar
Julia Rickert
Jon Loevy
Locke Bowman
Loevy & Loevy
makar@loevy.com
julia@loevy.com
jon@loevy.com
locke@loevy.com
*Attorneys for Plaintiff*

          /s/ Dennis S. Harms

40094956.v1