IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *ANTONIO HUNTER, #M33269,* | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:21-cv-00271-NJR |
| | ) | |
| *ILLINOIS DEPARTMENT OF* | ) | |
| *CORRECTIONS, WEXFORD HEALTH* | ) | |
| *SOURCES, INC., STEVE MEEKS,* | ) | |
| *and STEPHEN RITZ,* | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS RESPONSE TO PLAINTIFFS MOTION IN LIMINE TO BAR EVIDENCE ABOUT PLAINTIFFS OTHER MEDICAL CARE AND DEFENDANT'S MOTION TO RECONSIDER PRIOR RULING *IN LIMINE*

COMES NOW Defendant, Dr. Stephen Ritz, by and through his attorneys Sandberg Phoenix & von Gontard, P.C., and for their Response to Plaintiff's Motion in Limine seeking to bar questioning about Plaintiff's other medical care represents unto the Court as follows:

### Introduction

Plaintiff seeks to preclude Defendant from questioning Plaintiff about seeking care for other conditions while he was released from prison, namely questioning Plaintiff about seeking care for erectile dysfunction while he was out on parole from 2016 to 2017.  The Court already ruled that "evidence of Hunter's failure to obtain medical care between 2016 and 2017 while he was on parole has some probative value."  *See* Doc. 177, p. 26.  The Court permitted Defendant to ask Plaintiff about this care as long as Defendant did not bring up that Plaintiff sought this care while on parole.  Defendant asks this Court to deny Plaintiff's Motion in Limine and to

40094957.v1

reconsider this prior ruling.  Otherwise, the jury is deprived of a full and fair consideration of the facts of this case.

Plaintiff had a prior surgery to repair his rectal prolapse in April 2012.  By October 2012 Plaintiff was complaining of renewed problems.  Plaintiff consistently complained of problems from his rectal prolapse during the incarceration that ended in 2016.  Despite this, at trial Plaintiff claimed that he had a sudden recurrence of problems that coincided almost exactly with his incarceration at Pinckneyville in late 2017.  This is just not true.  Not only should Defendant be permitted to ask Plaintiff questions about the care he sought and received for erectile dysfunction, the jury should know that Plaintiff sought this care while free to seek care for whatever condition he wanted.  Such evidence is probative of Plaintiff's claims of damages and assertion that Defendant is the cause of these damages.

## A.  Probative value v. prejudice generally

Plaintiff's actions while on parole versus his actions while incarcerated are highly probative of his damages claims. Plaintiff claims that his rectal prolapse caused him a great deal of pain and embarrassment. The failure on his part to seek medical care while not incarcerated, coupled with the fact that he had access to healthcare, has a tendency to make that claim less probable than it would otherwise be, and is of consequence in determining whether the Plaintiff in fact needed prompt medical care and to Plaintiff's damages claims. *See* 401. It is also probative to determining whether prompt surgery was necessary to treat Plaintiff's rectal prolapse, when the rectal prolapse began, the severity of the rectal prolapse, and ultimately, damages (if any). At trial, Plaintiff requested $4,000,000. Surely the jury should be aware that when Plaintiff had the ability to seek care for whatever condition he wanted he chose to seek care for erectile dysfunction and not rectal prolapse.

Plaintiff's argument that the sensitive nature of erectile dysfunction treatment would embarrass the Plaintiff and prejudice the jury is nonsensical given the nature of this litigation --- Plaintiff brought this suit willing to share intimate details of his anus and using his fingers to defecate, but finds medical care he got for his erectile dysfunction to be too embarrassing for a jury to hear. In an age where commercials for erectile dysfunction medication are everywhere, evidence of having to stick ones fingers in ones anus is far worse than evidence of erectile dysfunction. In light of the nature of this suit, the information is not prejudicial or any more embarrassing than the facts shared by Plaintiff, and any additional embarrassment or prejudice is greatly outweighed by the high probative nature of the evidence. *See* 403.

Whatever prejudice is attendant to the jury learning that Plaintiff was released and reincarcerated is minimal and can be mitigated. The jury already will otherwise learn that Plaintiff was incarcerated at various times between 2012 – 2022. Defendant can easily elicit an admission from Plaintiff that he sought care for erectile dysfunction while not incarcerated without delving into detail about parole and reincarceration.

## B. Conclusion

For the foregoing reasons, Defendant requests that the Court deny Plaintiff's Motion in Limine and permit Defendant to demonstrate at trial that Plaintiff sought care for other conditions, but not rectal prolapse, while free to seek care for whatever condition he pleased.

WHEREFORE, Defendant prays that this Court deny Plaintiff's Motion in Limine and permit Defendant to demonstrate that Plaintiff sought care for erectile dysfunction while not incarcerated, and for such other and further relief as this Court deems just and proper.

40094957.v1

SANDBERG PHOENIX & von GONTARD P.C.

By:   /s/ Dennis S. Harms
Dennis S. Harms, #6291610
Jennifer E. Blood, #6304806
701 Market Street, Suite 600
St. Louis, MO  63101
314-231-3332
314-241-7604 (Fax)
dharms@sandbergphoenix.com
jblood@sandbergphoenix.com

*Attorneys for Defendant Stephen Ritz, M.D.*

### Certificate of Service

I hereby certify that on this the 2nd day of June, 2025, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Maria Makar
Julia Rickert
Jon Loevy
Locke Bowman
Loevy & Loevy
makar@loevy.com
julia@loevy.com
jon@loevy.com
locke@loevy.com
*Attorneys for Plaintiff*

 /s/ Dennis S. Harms

40094957.v1